Nash, C. J.
 

 The charge of his Honor is in strict conformity with repeated decisions of this Court, of the Courts of England, and of our sister States, where the question has been canvassed. The principle is, that where there is an entire ex-ecutory contract, and the plaintiff has performed a part of it, and then wilfully refused, without legal excuse, and against the defendant’s consent, to perform the rest, he can recover nothing, either on the special or general assumpsit. 2nd vol. Smith’s Leading cases 13, in' the note: Upon the principle that where the contract is special, an action for its breach must, in general, be brought on the special contract. "While it is open and unperformed, no action can be sustained for work and labor done.
 
 Cutter
 
 v.
 
 Powell,
 
 6 Term Rep. 320 ;
 
 Jennings
 
 v.
 
 Camp,
 
 13 John. Rep. 94.
 

 The cases in this Court are
 
 Fesperman
 
 v.
 
 Parker,
 
 10 Ire. Rep. 474 ;
 
 Winstead
 
 v.
 
 Reid,
 
 Busb. Rep. 76, and
 
 White
 
 v.
 
 Brown,
 
 2 Jones’ Rep. 403. The last two cases in particular, cover the whole ground. The former was brought by a carpenter against his employer for work and labor done upon a house at a stipulated price. He commenced the work, and, when it was half finished, abandoned it, without the consent of the defendant, the employer. The action was upon the common count for work and labor "done. The decision was, that he could not recover. The- latter was more analogous to this. The defendants had a. contract upon the rail road, and hired from the plaintiff, for the time they should be engaged in the work, several slaves, at a stipulated price per month. Before the work was finished, the slaves were taken home by the plaintiff, without the consent of the defendant; and the action was brought on the common count to recover for the time they had worked. Judgment was rendered
 
 *264
 
 against tbe plaintiff. In onr case, the contract is a special one for the hire of a boy, for one year, at an agreed price. Before the end of the year, the plaintiff took the boy home, as was alleged, against the wishes of the defendant. This point being controverted, it was left to the jury to decide, his Honor instructing them, that if the plaintiff did take away the boy, he could not recover. To this charge there can be no legal exception.
 

 PeR CueiaM. Judgment affirmed.