Manly, J.
We perceive no error in the judgment of the Court below.
Where claims, subject to the jurisdiction of a single justice, are placed in the hands of a constable for collection, and he gives an accountable receipt for them, the presumption is, they are committed to him as an officer, and he is accountable as an officer, unless it appear that he received them in some other capacity. It would have added no force to this presumption, if, as is most usual, the officer had added to his name the usual initial letter of his office.
The other branch of the exception, that the officer was not officially charged with the collection of the note against the non-resident debtor, is likewise untenable. Although not at liberty to go beyond the limits of his county, and not responsible, of course, for failure to do' so, yet if the debtor be in his county, so that he may collect, and the claim is of an amount and nature, subject to be collected by a war *224 rant before a justice, the constable is officially bound to collect, and is in the same way responsible for the money when collected.
There is a class oi' cases, in which it seems to be established, as a principle, that the constable is not chargeable in his official capacity, for claims, to collect which, were out of the jurisdiction of a justice, either on account of the amount, or character of the demand, such claims could not be collected by him through any official action, and it could not, therefore, be in the contemplation of the obligors to the bond, the sureties, to become responsible for misconduct in regard to such matters. But with respect to all claims of an amount and nature to be collected through a justices judgment, and -which might be collected within the limits of the county, for which the constable is appointed, it would be different.
It is not a question of domicil, but is a question,, whether the officer, acting within the sphere of his official duty, as prescribed by law, and exercising the proper degree of diligence, might have collected. The cases to which we refer, are Blythe v. Outland. 11 Ired. Rep. 134, and others there cited, which, we think, were decided on cor.rect grounds, and are entirely consistent with the ruling of the case now before us.
The case of Dade v. Morris, 3 Murph. Rep. 146, to which our attention has been directed, turned upon the peculiar but erroneous conditions of the bond, which were for the performance of the constable’s duties within a particular district of the county; and there was no breach alleged, or if alleged, proved, within that district. It, therefore, stands upon a different ground from the one now under consideration.
Per Curiam,
Judgment affirmed.