### W. R. ABRAMS v. VA. FIRE INSURANCE CO.

#### Excusable Neglect.

Where the summons, returnable to the ensuing September Term of the Superior
Court, was duly served upon the defendant's agent in June, and at the re-
turn term a judgment by default for want of an answer, was rendered; *Held*,
that neither the letter of the plaintiff's attorney, written a few days before
the return term, to the president of the defendant company, requesting a copy
of a paper, material " to be used on the trial in March next, and * * * to
insert in my complaint at present," nor that the president of the defendant
company was a non-resident of this State, and had little or no knowledge of
its judicial procedure or of the sittings of the terms of its courts, constituted
such excusable neglect or surprise as would authorize the Court to vacate the
judgment by default. The Code, § 274.

*hurchill* v. *Brooklyn Life Ins. Co.*, 88 N. C., 205, and same case in 92 N. C., 485,
cited and approved).

The summons in this action, which is founded upon a policy
of insurance against fire, issued by the defendant company,
whereof a copy is annexed to the complaint, was served upon its
agents at Wilson, on the 15th day of June, 1883, returnable and
returned to the term of PITT Superior Court, held on the 3d
Monday in September following.

At that term a verified complaint was filed, and the defendant
failing to appear and answer the same, judgment for want of an
answer was entered up against the company, with an order for
the assessment of the plaintiff's damages by a jury at the suc-
ceeding term.

At the ensuing term the defendant made a motion to set aside
and vacate the judgment upon the ground and for the causes
contained in an affidavit of W. L. Cowardin, the president of
the company, upon the hearing whereof the Court rendered
judgment as follows :

"It appearing to the Court that the facts set forth in the affida-
vit and exhibits herein do not constitute a case of surprise or ex-
cusable neglect, it is ordered and adjudged that the motion to set
aside the judgment herein be overruled."

From this ruling the defendant appealed.

Besides the affidavit of the president of the company, with the letters of another of the plaintiff's counsel, attached to and accompanying it, as exhibits, there was evidence in opposition, offered by the plaintiff, which may be disregarded in passing upon the motion, since the Judge ruled that, taking as true all the facts stated in the affidavit, the defendant fails to bring its case within the provision of the statute as one of "surprise" or "excusable neglect," calling for the interposition of the Court for its relief.

The affidavit and exhibits upon which the decision is predicated are as follows:

1. That on the 15th day of October, 1882, the plaintiff above named applied to the defendant through its agents, Messrs. Daniel & Nicholson, Wilson, N. C., by written application, signed in his own proper hand-writing, for insurance, against loss or damage by fire from the 1st of October, 1882, to the 1st of January, 1883, upon his Gin House, which he represented to be worth five hundred dollars, upon which he asked an insurance, two hundred and fifty dollars upon his gin, situated in said Gin House, which he valued at one hundred dollars, and upon which he asked fifty dollars insurance, and upon his gin-gearing in said gin-house, which he valued at three hundred dollars, and upon which he asked one hundred and fifty dollars insurance. That, in said application, he represented that the values stated were the actual cash values of the property referred to, and that he was at that time the sole and undisputed owner, absolutely and in fee simple, of the property mentioned and of the land on which it stood, and that there was no lien or encumbrance on, or any claim whatever against said property.

2. That, believing the truth of said representation, the defendant corporation, on the 2nd day of October, 1882, delivered to the plaintiff its policy, whereby it agreed to insure the plaintiff for the consideration of fourteen dollars, according to the plaintiff's application, against loss or damage by fire from the first of October, 1882, to the 1st of January, 1883, to his gin-house in the

sum of $250.00, to his gin therein $50.00, to his gin-gearing therein $150.00.

3. Affiant is informed and believes, and states the fact so to be, that neither on the first day of October, 1882, nor at any time was plaintiff Abrams the owner in fee of an unencumbered estate of the gin-house, gin and running gear, insured by the defendant company.

That, about the first of December, 1879, the plaintiff contracted with one R. R. Cotton for the purchase of the tract of land on which the gin-house was situated; that, under that contract he received a deed from one Howell and immediately executed a mortgage to the said Cotton, to secure the purchase price, which was fifty four-hundred-pound bales of cotton, which was to be paid in five equal instalments of ten bales each, with interest at 8 per cent., from date of mortgage, upon the value of the cotton; that, before the first of January, 1882, the plaintiff had erected for the use of the plantation the gin-house, which was destroyed, and had paid upon the purchase price but 4,773 pounds of lint cotton, and that during that month entered into a written agreement with said Cotton, whereby he agreed to hold possession of the premises, thereafter, as the tenant of said Cotton, at the annual rental of seven bales of cotton, which was to be entered as a credit upon the purchase price. That the time the plaintiff made application to this company for insurance, there was due upon the purchase price forty-eight (48) bales of cotton. Affiant is informed and believes, and states the fact so to be, that the value placed by the plaintiff upon the gin-house was greatly in excess of its actual value, and that at the time of the insurance it was not worth half the sum, and that the gin-gearing and the gin itself were not worth half the value placed upon them by the applicant in his application.

Affiant is informed and believes that there was no lint cotton in the gin-house when it was burned, though the plaintiff, in making claim for loss in January, 1883, made oath of his loss of five hundred pounds of loose lint cotton burnt in his gin-house. That statement is not true.

4. That on or about Dec. 27th, 1882, the gin-house and its contents, whatever they were, with gin and gearing, were destroyed by fire; that correspondence was had between the defendant company and plaintiff's attorney, in respect thereto, until early in September, 1883, when affiant was informed by letter from one of plaintiff's attorneys, which is annexed and made part hereof, which contained the first information affiant had received of the institution of this action.

That he is a citizen of Virginia, has little or no knowledge of judicial procedure in North Carolina, or of the sittings of the terms of its courts, and that, upon reading the said letter, concluded and believed that no action would be taken in the suit commenced against his company until March, 1884, and that he rested in that conviction until the receipt of the letter from one of the plaintiff's counsel hereto appended, dated Oct. 10th, 1883; whereupon he applied by counsel to plaintiff's counsel to agree to strike out the default in the cause and let the cause be tried on its merits at the approaching Special Term of Pitt Superior Court.

The same was declined.

This affiant desires and asks for opportunity to present his defence of the company, as aforesaid, which defence he had, at time he received notice of the default, intended to make, and was engaged in correspondence touching the same, and would have been ready to maintain the same at the March Term, when he believed from the statement of the plaintiff's counsel, in his letter of Sept. 13th, 1883, the trial would take place.

WILSON, N. C., September 13th, 1883.

COL. COWARDIN, PRES. VA. F. & M. INS. CO.:

*Dear Sir:*—Some time ago I wrote you in reference to 101107 issued to W. R. Abrams, of Pitt county, N. C., asking a settlement of his claim.   You answered, stating that you would take the matter into consideration, and advise me of your final resolu-

tion. Failing to hear from you, I was compelled to bring the action now pending. What I now desire is the original application to be used on the trial in March next, and a copy of it to insert in my complaint at present. As a former agent and also attorney of yours, in important litigations here, I hope you will do me the favor of furnishing the copy at once and have the original ready for trial in March, 1884.

*Bobbitt* v. *L. L. & Globe Ins. Co.*, reported in the 66th N. C. Reports, will show you the necessity of our having a copy. As the same may be in the hands of your State agent, I have sent a letter of similar import to Mr. Hay, at Raleigh.

Truly yours,

H. F. MURRAY.

WILSON, N. C., Oct. 10th, 1883.

W. L. COWARDIN, ESQ., PRES. VA. F. & M. INS. CO.:

*Dear Sir:*—It becomes my duty to notify you that, at last term of Pitt Superior Court, we took judgment against your company "by default and inquiry" on the claim of W. R. Abrams, under No. 101107, and that all now left open is the amount of his loss. No question of misstatement in application, fraud, imperfect or irregular proof of loss or any defence of that kind can now be made.

That goods of the value of $495.00 claimed were lost by the fire is certain; to put us to the proof of this only question left open for you will only multiply costs, and I respectfully advise, as a sometimes attorney of yours and late agent of your company, that you save the same by an immediate payment. Hoping to hear from you by return mail, I am,

Very truly yours,

HUGH F. MURRAY.

*Mr. H. F. Murray,* for the plaintiff.

*Messrs. Gilliam & Son* and *Batchelor & Devereux* for defendant.

SMITH, C. J. (after stating the facts).   We entirely concur in the opinion of the Court that sufficient excuse was not offered for the defendant's inattention to the suit for the three months after it was constituted and the summons served preceding the entering up of the judgment by default.   The only pretext for the delay is furnished in the two letters of plaintiff's counsel. The first of these letters, written on September 13th, a few days before the sitting of the Court, requests a copy of the policy to accompany the complaint, in order that the trial may come off in March, after issue joined upon the expected answer at the term held in September, according to the requirements of section 400 of The Code.   The letter conveys no intimation of the departure from the rules of law which, when no defence is made, authorize a judgment for want of it at the return term after process duly served.   It is evident that there was to be controversy between the parties, yet the defendant company, for more than three months, paid no attention to the suit, nor employed counsel to protect their interests.   Nor is any extenuation for the defendant's indifference and correspondent inaction to be found in their alleged want of information as to the laws of this State.   This should rather have prompted the company to an immediate consultation with counsel in order that it might know what was needed in the protection of its interests, than lulled it in a false sense of security.   The case made in the affidavit falls directly within the ruling in *Churchill* v. *Brooklyn Life Ins. Co.*, 88 N. C., 205, and in the second appeal reported in 92 N. C., 485.

The judgment only establishes the plaintiff's right to recover upon the contract of insurance, but leaves his damages to be still ascertained; so that much of the defensive matter alleged in the answer may be still set up when that inquiry is made before the jury.

There is no error in the ruling, and the judgment must be affirmed.

No error.                                           Affirmed.