F. D. PERRY v. W. R. PERRY, Executor.

(Filed 16 April, 1907).

**Trial Judge—Improper Remarks—Error.**—It is reversible error in the Judge below in his charge to the jury to say that the authorities argued by counsel to the jury, under the statute, were directly against his position, and this he knew, or should have known, being an impeachment, though unintentional, of the attorney's character, and tending to weaken, in a measure, the client's cause.

CIVIL ACTION to recover on a *quantum meruit* for labor performed in helping to make a crop, tried before *Peebles, J.,* in WAKE Superior Court, October Term, 1906.

The Court submitted these issues:

1. Is the defendant, as executor of S. D. Perry, indebted to the plaintiff? Answer: No.

2. If so, in what sum? Answer: None.

The Court dismissed the action, and plaintiff excepted and appealed.

*B. C. Beckwith* for plaintiff.
*Peele & Maynard* for defendant.

There are several exceptions set out in the record, but we deem it necessary to notice one only, which is taken to a

portion of his Honor's charge. The Court told the jury that "the case on trial furnished a clear illustration of the importance of taking the law from the Court and not from counsel; that the case cited by counsel for plaintiff and relied upon to establish the position that where a party proved a special contract he could recover what his services were worth, although he failed to show that he performed his part of the contract, or had an excuse for not performing it, was an authority directly against that position. That counsel knew, or ought to have known, that that was so." To the last sentence plaintiff excepted.

We think the exception well taken. We cannot think that the able Judge who tried the case intended to reflect upon the professional integrity of counsel for the plaintiff; but, however inadvertently used, the language was well calculated to prejudice the jury against him and thereby tend unmistakably to weaken his client's cause. A lawyer's character and reputation for fairness, candor and honorable dealing are as much a part of his professional worth as is his reputation for ability and learning. For the Court to impeach it before the jury is to weaken in a measure the client's cause. We fully approve of the admonition of the Court that the jury must take the law from him and not from counsel. Nevertheless, under our system of practice, arguments to the jury precede the charge, as well as under our statute attorneys have the right to argue both law and fact to the jury. The attorney cannot tell what his Honor will charge, and therefore he has a right to present his side of the case to the best of his ability according to the lights before him. No honorable attorney will wilfully deceive either Court or jury, and to charge him with attempting to do so, or with ignorance of what he was discussing, is calculated to prejudice his case unduly. Mr. Thompson, in his work on Trials, sec. 218,

says: "Any remarks of the presiding Judge, made in the presence of the jury, which have a tendency to prejudice their minds against the unsuccessful party, will afford ground for a reversal of the judgment."

PER CURIAM.                                    New Trial.