BEACON HOMES, INC. v. SHIRLEY HOLT.

(Filed 4 February, 1966.)

**1. Pleadings § 12—**

  The complaint must be liberally construed in favor of plaintiff upon demurrer.

**2. Unjust Enrichment § 1—**

  When one party builds a house upon the land of another in good faith and under a reasonable mistake as to the true owner of the land, the landowner, if he elects to retain the house upon his property, must pay therefor the amount by which the value of his land has been increased. This right of action is distinct from the right of a person in possession under a *bona fide* claim of right to recover for improvements, and the right of action for unjust enrichment obtains notwithstanding the true owner was not chargeable with knowledge the house was being constructed, and lies irrespective of ratification.

**3. Unjust Enrichment § 2—**

  Allegations to the effect that plaintiff, pursuant to a contract with defendant's mother upon the mother's representation that she was the owner of the land, constructed a house thereon under the *bona fide* belief that the mother owned the land, that the construction of the house improved the value of the land, and that defendant, the true owner, claimed the house and would not allow plaintiff to remove it, *held* to state a cause of action for unjust enrichment.

**4. Trial §§ 42, 45—**

  It is the function of the jury to find the facts in the form of answers submitted to it by the court and not to determine or make recommendations concerning the judgment to be rendered thereon, and therefore the court correctly refused to accept a verdict containing such recommendations.

HOMES, INC. *v.* HOLT.

**5. Trial § 10—**

Any remark of the presiding judge, made in the presence of the jury, which has a tendency to prejudice the jury against the unsuccessful party, is ground for a new trial.

**6. Trial §§ 35, 39—**

In response to an inquiry of a juror after the rejection of an unacceptable verdict, the court undertook to explain to the jury the nature of the judgment which would be rendered if they answered the issue in favor of plaintiff and the procedure to be followed by plaintiff to enforce such a judgment. *Held:* The court inadvertently went beyond the statement of the evidence and the explanation of the law arising thereon, and the remark must be held for error as tending to prejudice plaintiff.

**7. Appeal and Error § 19—**

The requirement that in grouping exceptions to the charge appellant should set forth the precise language to which the exception is taken will not be enforced when grouping of the exceptions on the right hand page refers to the left hand page where the exception and the language objected to appears.

APPEAL by plaintiff from *Gambill, J.,* 26 April 1965 Civil Session of GUILFORD (Greensboro Division).

The plaintiff is in the business of constructing shell homes; that is, houses which are unfinished on the inside. The defendant is the owner of two adjoining lots in Guilford County. In July and August 1961, the plaintiff constructed a shell home in the center of the two lots.

The complaint alleges that the plaintiff so constructed the house at the request of the defendant's mother and upon her representation that she was the owner of the land, which the plaintiff, in good faith, believed her to be. It further alleges that the defendant knew, or should have known, that the house was being erected upon the lots but asserted no claim to the ownership thereof until the house was completed and, thereupon, refused to permit the plaintiff to go upon the land for the purpose of removing the house and refused to pay the plaintiff for the reasonable value of the improvement so placed upon her land. It then alleges that prior to the improvement the value of the lots was $300 and that with the building upon them the lots are worth $3,600, and that the defendant has been unjustly enriched in the sum of $3,300. It prays that the plaintiff recover that amount from the defendant or, in the alternative, that the court restrain the defendant from interfering with the removal of the house by the plaintiff from the lots.

The defendant in her answer denies that the plaintiff acted in good faith and denies that the defendant knew of the construction while it was in progress, alleging that she was then residing in and

employed in New York. She alleges that her parents were divorced when she was an infant, that she has never lived with her mother and that her mother has no ownership interest in the property. She denies that she has been unjustly enriched in any amount, contending that the construction of the house damaged the lots in value, for which damage she counterclaims.

The following issues were submitted to the jury and were answered as shown:

"1. Did the plaintiff make permanent improvements on the land of the defendant under a title believed by the plaintiff to be good?
"ANSWER:   Yes.

"2. If so, did the plaintiff have reasonable grounds to believe that Mary Richardson and Clarence Richardson had a good title to the land when they made such improvements?
"ANSWER:   Yes.

"3. What is the value of such permanent improvements?
"ANSWER:   $1350.00.

"4. What damages, if any, has the defendant sustained because of the construction of the building on her premises to be charged as an off-set against the improvements?
"ANSWER:   $1350.00."

The court rendered judgment, in which the foregoing issues and answers are incorporated, adjudging that the plaintiff have and recover nothing of the defendant and that the defendant's realty described in the complaint be discharged from any and all claims of the plaintiff arising in this action. The judgment did not make reference to the defendant's counterclaim. It further ordered cancelled a deed of trust given by the defendant's mother and stepfather upon this property for the benefit of the plaintiff, the plaintiff having conceded and the court having found that this instrument was void, the grantors having no ownership interest in the land.

Prior to the return of the above quoted verdict, the jury returned to the court a document purporting to be its verdict, in which it answered the first and second issues "yes," the third issue "Zero—plaintiff to be allowed to remove house," and the fourth issue "$500.00." Thereupon the court stated:

"Let the record show that the issues as handed to the Court contains certain penciled notations in the form of recommendations. The Court instructs the jury that you may not make any

recommendations; that you will answer the questions as you will find from the evidence and by the law as given to you by the Court, and you will just answer the questions without recommendations. I can't take the recommendations because there is not any way I can apply that."

Thereupon a juror, with permission of the court, asked, "Your Honor, in this particular case, question number three and question number four, does Shirley Holt have to buy the house that is on the property?" The Court replied:

"Well, the Court charged you that you will find from the evidence and by its greater weight what value, if any, the house is, if you come to that, what is the difference between the market value of the property before and after, which is what is the value of the permanent improvements. Now, that means if that sum is greater than number four—what damages, if any, if number three is greater than number four, there will be a judgment against the Defendant for that difference, and an execution will issue to sell the house and lot in order for the Beacon Homes to get the money unless the Defendant wants to pay it; otherwise it would be a lien on the property. If that difference is greater than number four, that difference will be a lien on the property and the house will remain there." ‑

To this comment by the court the plaintiff excepts, assigning it as error.

The jury thereupon again retired to the jury room and returned with the verdict first above quoted. The plaintiff moved to set the verdict aside and for a new trial, which motion was denied. The plaintiff excepted and assigns the denial of the motion as error.

*Herbert B. Hulse and Sasser and Duke for plaintiff.*
*Elreta Melton Alexander for defendant.*

LAKE, J.  When the appeal was called for argument in this Court the defendant demurred *ore tenus* to the complaint on the ground that it failed to state a cause of action. Upon such a demurrer the complaint must be construed as a whole. *Little v. Little,* 205 N.C. 1, 169 S.E. 799. The allegations of the complaint are to be construed liberally in favor of the plaintiff and all reasonable inferences are to be drawn. *Hargrave v. Gardner,* 264 N.C. 117, 141 S.E. 2d 36; *Steele v. Cotton Mills,* 231 N.C. 636, 58 S.E. 2d 620. If, when so construed, the complaint states a cause of action, in any view of it, the demurrer must be overruled. *Burroughs v. Womble,* 205 N.C.

432, 171 S.E. 616; *Scott v. Insurance Co.,* 205 N.C. 38, 169 S.E. 801; *Griffin v. Baker,* 192 N.C. 297, 134 S.E. 651.

So construed, the complaint alleges that Mary Holt Richardson, mother of the defendant, contracted with the plaintiff for the construction by it of the house upon the lots in question, giving the plaintiff a warranty that she, Mary Holt Richardson, owned the land, in reliance upon which warranty the plaintiff, in good faith, constructed the house upon the land, improving its value by $3,-300; that the defendant, who was and is the owner of the land, claimed ownership thereof and of the house after the construction was complete; the plaintiff thereupon offered to remove the building and restore the lots to their original condition but the defendant has refused to permit the plaintiff to do so; the defendant has assumed dominion over the house and has rented it to a tenant from whom she has collected rent; that the plaintiff has not been paid for the construction of the house and the defendant has been unjustly enriched to the extent of the improvement, in value, of her land.

Taking these allegations to be true, as we must upon a demurrer, they state a cause of action in favor of the plaintiff against the defendant for unjust enrichment. This right of action is not the same as the common law right, or the right under the statute, General Statutes, Chap. I, Art. 30, to claim for betterments when one, in possession of land under color of title, constructs permanent improvements thereon and is thereafter sued in ejectment by the true owner. That right was and is a defensive right. It accrues when an owner of the land seeks and obtains the aid of the court to enforce his right to possession. *Commissioners of Roxboro v. Bumpass,* 237 N.C. 143, 74 S.E. 2d 436. It applies only where the improvement was constructed by one who was in possession of the land under color of title and who, in good faith and reasonably, believed he had good title to the land. *Pamlico County v. Davis,* 249 N.C. 648, 107 S.E. 2d 306; *Harrison v. Darden,* 223 N.C. 364, 26 S.E. 2d 860; *Rogers v. Timberlake,* 223 N.C. 59, 25 S.E. 2d 167; *Faison v. Kelly,* 149 N.C. 282, 62 S.E. 1086.

In *Rhyne v. Sheppard,* 224 N.C. 734, 32 S.E. 2d 316, the plaintiff having acquired title to two lots in a real estate development, in good faith built a house on two other lots, believing them to be the lots described in his deed. He sued the true owner of the lots for the value of the improvement. Here, neither the common law nor the statutory right to betterments was applicable, for the improver was not being sued and had no color of title to the lots upon which the house was constructed. A demurrer by the defendant to the complaint was overruled, this Court, through Barnhill, J., later C.J., saying:

". . . Plaintiff is not confined to a common law action for improvements, if indeed such right may be enforced by independent action. G.S. 1-340. He may resort to the equitable doctrine of unjust enrichment frequently enforced under the doctrine of estoppel. If the complaint sufficiently states a cause of action under this principle of law, it must stand.

"Where a person has officiously conferred a benefit upon another, the other is enriched but is not considered to be unjustly enriched. The recipient of a benefit voluntarily bestowed without solicitation or inducement is not liable for their value. But he cannot retain a benefit which knowingly he has permitted another to confer upon him by mistake."

In the present case, the complaint does not allege facts sufficient to show an estoppel of the defendant by silently standing by and permitting the construction with knowledge of it. The complaint alleges that while the plaintiff was constructing the house upon her land "the defendant Shirley Holt knew, or should have known, that the house was being erected upon such land." This is not an allegation that she actually had such knowledge. She owed no duty to the plaintiff to maintain a watch upon her lot to see that no unauthorized person built a house upon it. Therefore, the allegation that she "knew or should have known" that it was being built is not sufficient to charge her with actual knowledge thereof.

Neither can the complaint be sustained on the theory that by exercising dominion over the house and renting it to tenants the defendant ratified the contract made by her mother with the plaintiff. There can be no ratification unless the person making the contract professed to do so on behalf of the person claiming or claimed to be the principal. *Air Conditioning Co. v. Douglass,* 241 N.C. 170, 84 S.E. 2d 828; *Rawlings v. Neal,* 126 N.C. 271, 35 S.E. 597. The theory of the present complaint is that the defendant's mother contracted with the plaintiff on her own account, representing herself to be the owner of the land.

We are thus brought to the question of whether the plaintiff can maintain this action solely on the ground of unjust enrichment of the defendant through a bona fide mistake of fact by the plaintiff, which mistake is not induced by the conduct of the defendant.

The plaintiff did not construct the house believing itself to be the owner of the land. It did so believing the person with whom it contracted was the owner. The plaintiff could certainly have brought suit upon its contract against the defendant's mother with whom it made its contract. That right it has not lost by virtue of the defendant's ownership of the land. However, the plaintiff's mistake of fact

N.C.] FALL TERM, 1965. 473

HOMES, INC. *v.* HOLT.

as to the ownership of the land was a mistake as to the risk involved in contracting with the defendant's mother and it may be assumed that, but for that mistake, the house would not have been built upon the defendant's land.

The plaintiff does not seek in this action to hold the defendant liable for the payment of the contract price of the house, nor does it seek to recover from her its expenses in the construction. The right of a landowner to remove from his premises a structure placed thereon by a trespasser, innocently or otherwise, and to sue the trespasser for damages, including the cost of such removal, is not involved in this action. The question is, Can the owner of a lot upon which a house has been built by another, who acted in good faith under a mistake of fact, believing he had a right to build it there, keep the house, refuse to permit the builder to remove it so as to restore the property to its former condition, enjoy the enhancement of the value of the property and pay nothing for the house? For the owner to do so is as contrary to equity and good conscience as it would be if the builder had believed itself to be the owner of the land. See: *Rhyne v. Sheppard, supra.*

In *Guaranty Co. v. Reagan*, 256 N.C. 1, 9, 122 S.E. 2d 774, Parker, J., speaking for the Court, said:

> "It is a thoroughly well established general rule that money paid to another under the influence of a mistake of fact, that is, of a mistaken belief of the existence of a specific fact material to the transaction, which would entitle the other to the money, which would not have been paid if it had been known to the payor that the fact was otherwise, may be recovered, provided the payment has not caused such a change in the position of the payee that it would be unjust to require a refund. (Authorities cited). Such is the law in this jurisdiction. (Authorities cited.)
>
> "'An action to recover money paid under a mistake of fact is an action in assumpsit and is permitted on the theory that by such payment the recipient has been unjustly enriched at the expense of the party making the payment and is liable for money had and received.' *Morgan v. Spruill*, 214 N.C. 255, 199 S.E. 17. In accord, see 4 Am. Jur., Assumpsit, § 24."

In *Harrington v. Lowrie*, 215 N.C. 706, 2 S.E. 2d 872, Devin, J., later C.J., speaking for the Court, said:

> "In *Bahnsen v. Clemmons*, 79 N.C. 556, where money was twice paid for the same services, it was said: 'It is as inequitable for the one to receive and retain the double payment as it

is wrong that the other who has twice paid his money should lose it and be without remedy,' and the following language was quoted from 2 Greenleaf on Evidence, § 104: 'When the defendant is proved to have in his hands the money of the plaintiff, which *ex equo et bono* he ought to refund, the law conclusively presumes that he has promised so to do.'"

In *Allgood v. Trust Co.,* 242 N.C. 506, 512, 88 S.E. 2d 825, Johnson, J., speaking for the Court, said:

"Recovery is allowed upon the equitable principle that a person should not be permitted to enrich himself unjustly at the expense of another. Therefore, the crucial question in an action of this kind is, to which party does the money, in equity and good conscience, belong? The right of recovery does not presuppose a wrong by the person who received the money, and the presence of actual fraud is not essential to the right of recovery. The test is not whether the defendant acquired the money honestly and in good faith, but rather, has he the right to retain it. In short, 'the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the test of natural justice and equity to refund the money.' *Moses v. MacFerlan,* 2 Burrow 1005, 97 English Reprints 676."

It is as contrary to equity and good conscience for one to retain a house which he has received as the result of a bona fide and reasonable mistake of fact as it is for him to retain money so received. We, therefore, hold that where through a reasonable mistake of fact one builds a house upon the land of another, the landowner, electing to retain the house upon his property, must pay therefor the amount by which the value of his property has been so increased. Consequently, the complaint states a cause of action and the demurrer *ore tenus* is overruled.

When the jury brought in its first proposed verdict, the court properly refused to accept it and sent the jury back for further deliberations and the return of a verdict in the form of answers to the issues without any recommendation as to the judgment to be entered thereon. In cases of this nature it is the function of the jury to find the facts in the form of answers to the issues submitted to it by the court, not to determine or make recommendations concerning the judgment to be rendered.

As the jury was about to return to the jury room for such further deliberations, one member asked the court, with reference to issues three and four, "Does Shirley Holt have to buy the house that is on the property?" The court thereupon, as is above set forth, un-

dertook to explain to the jury the nature of the judgment which would be rendered, if they answered these issues in favor of the plaintiff, and procedures to be followed by the plaintiff to enforce such a judgment. In so doing, the court inadvertently went beyond the statement of the evidence and the declaration and explanation of the law arising thereon. This may well have had the effect of prejudicing the jury against the position of the plaintiff although that was, of course, not the intention of the court. Any remark of the presiding judge, made in the presence of the jury, which has a tendency to prejudice the jury against the unsuccessful party is ground for a new trial. *Thompson v. Angel,* 214 N.C. 3, 197 S.E. 618; *Bank v. McArthur,* 168 N.C. 48, 84 S.E. 39; *Perry v. Perry,* 144 N.C. 328, 57 S.E. 1.

The defendant moved in this Court to dismiss the appeal for failure by the appellant to comply with Rule 19(3). The appellant, in grouping his exceptions immediately prior to the signatures on the case on appeal, should have set forth in the assignment of error above noted the precise language of the court to which it takes exception. This it did not do. It did, however, in its assignment of that error in grouping its exceptions on page 79 of the record refer to page 78, where the exception is noted and the language in question appears. That is, in the grouping of the exceptions on the right hand page of the record we are referred across to the left hand page. While we have said many times we will not embark upon a "voyage of discovery" through the record to search for alleged errors, we will, in this case, cast our eyes from the right hand page to the left hand page and consider an error which we can examine without leaving port.

Since the case must go back for a new trial, we suggest that the following issues would be more appropriate, assuming the evidence then introduced justifies their submission to the jury under the principles of law here discussed:

1. Did the plaintiff, in good faith, and under a reasonable mistake of fact as to the ownership of the defendant's lots, construct a house thereon?

2. Did the defendant refuse to permit the plaintiff to remove the house and to restore her lots to their former condition?

3. By what amount, if any, was the fair market value of the defendant's lots increased by the construction of the said house thereon?

4. What damage, if any, has the defendant sustained by the plaintiff's trespass upon her lots as alleged in her counterclaim?

The answer to the above suggested issue number four should be a nominal amount only unless the answer to issue number three is "Zero."

New trial.