EDWIN C. BRYSON, SR., TRUSTEE IN BANKRUPTCY FOR GEORGE W. KANE, INC. v. ALFRED GARDNER HUTTON AND WIFE, RAMONA ROOT HUTTON

No. 7814SC510

(Filed 5 June 1979)

**Quasi Contracts and Restitution § 1.2— contract between husband and employer—occupancy of house by wife—insufficient evidence of unjust enrichment**

　　　Where there is a contract between two persons for the furnishing of goods or services to a third, the latter is not liable on an implied contract simply because he has received such services or goods; therefore, evidence was insufficient to establish plaintiff's claim against defendant wife for unjust enrichment where it tended to show that defendant husband's employer supplied materials and labor valued at $54,000 for the building of a house on a lot owned by defendants as tenants by the entirety; defendant wife did not enter

into any agreement with her husband's employer; and the employer knew who owned the land but elected to make the advances solely on the personal credit of its employee and knowingly proceeded to improve the value of the land without obtaining a security interest in the land or the personal obligation of defendant wife.

APPEAL by defendant, Ramona Root Hutton, from *Martin (John C.), Judge.* Judgment entered 18 January 1978 in Superior Court, DURHAM County. Heard in the Court of Appeals 6 March 1979.

On 9 July 1975, plaintiff instituted this action seeking to recover the value of materials and labor furnished by George W. Kane, Inc. The evidence tends to show that defendant, Alfred Hutton, was employed by George W. Kane, Inc., which had a policy of allowing certain employees to build homes using the company's personnel or credit to provide labor and materials. Mr. Hutton apparently arranged for the company to provide labor and materials to build a home on land which he and his wife owned as tenants by the entirety. The home was completed at a cost of $82,052.19, a payment of $28,000.00 was made, and the balance due since July, 1974, is $54,052.19. The account was in Mr. Hutton's name alone and none of plaintiff's witnesses had dealt with Mrs. Hutton. There was no evidence presented that Mrs. Hutton expected to be charged for the construction.

Mr. and Mrs. Hutton moved into the home in July, 1974. On 14 April 1975, Mr. Hutton delivered a quitclaim deed to Mrs. Hutton for all of his right, title and interest in the property upon which their home was built. Both defendants were living in the house when this suit was started. The Huttons separated during the summer of 1977 and Mr. Hutton moved to Georgia. Mrs. Hutton continued to live in the home.

Issues of implied contract and unjust enrichment were submitted to the jury as to the male defendant. The jury found that he impliedly contracted with George W. Kane, Inc., that he breached that contract, and that plaintiff was damaged in the amount of $54,052.19. The only issues submitted as to Mrs. Hutton related to unjust enrichment. The jury found that she had been unjustly enriched and that plaintiff was entitled to recover $54,052.19 as a result of that unjust enrichment. Judgment was then entered against defendants, jointly and severally, for

$54,052.19. Although both defendants gave notice of appeal, only Mrs. Hutton has perfected her appeal.

*Mount, White, King, Hutson, Walker & Carden, by W. H. Lambe, Jr., and E. Lawson Moore, for plaintiff appellee.*

*Blackwell M. Brogden, Jr., for defendant appellant, Ramona Root Hutton.*

VAUGHN, Judge.

Defendant contends that the evidence, when taken as true and considered in the light most favorable to the plaintiff, was insufficient to take the case to the jury. The question is, therefore, whether the evidence was sufficient to establish plaintiff's claim of unjust enrichment against Mrs. Hutton.

> "The general rule of unjust enrichment is that where services are rendered and expenditures made by one party to or for the benefit of another, without an express contract to pay, the law will imply a promise to pay a fair compensation therefor. . . .
>
> "The action is based upon the equitable principle that a person should not be permitted to enrich himself unjustly at the expense of another." (Citations omitted.) *R. R. v. Highway Commission*, 268 N.C. 92, 95-96, 150 S.E. 2d 70 (1966).

It is clear, however, that where there is a contract between two persons for the furnishing of goods or services to a third, the latter is not liable on an implied contract simply because he has received such services or goods. *Concrete Co. v. Lumber Co.*, 256 N.C. 709, 124 S.E. 2d 905 (1962).

The Restatement of Restitution § 110 (1937) provides "A person who has conferred a benefit upon another as the performance of a contract with a third person is not entitled to restitution from the other merely because of the failure of performance by the third person." The Restatement distinguishes this situation from one in which the benefit is conferred as a result of mistake or fraud. This section is illustrated by the following example. A purchases an engagement ring for his fiancee, B, from a jewelry store and promises to make periodic payments. The store agrees

to deliver the ring to B. The jewelry store retains no security interest in the ring. A makes the first payment and the jewelry store delivers the ring to B. A then fails to make anymore payments. The jewelry store may not recover the ring from B.

This illustration is similar to the situation in the present case. Plaintiff's evidence shows that Mr. Hutton established an account with his employer, George W. Kane, Inc., to provide materials and labor for the construction of his home. The land on which this home was built was owned by Mr. and Mrs. Hutton as tenants by the entirety. The plaintiff's evidence fails to show that Mrs. Hutton entered into any agreement with the company. There is no suggestion that plaintiff was mistaken as to the ownership of the land. Plaintiff elected to make the advances solely on the personal credit of its employee, Mr. Hutton. It knowingly proceeded to improve the value of the land without obtaining a security interest in the land or the personal obligation of Mrs. Hutton, a tenant by the entirety in the land upon which the house was to be constructed. It may not now call upon a court of equity to rescue it from those business decisions which, in retrospect, appear to have been somewhat less than prudent.

Plaintiff relies on *Homes, Inc. v. Holt*, 266 N.C. 467, 146 S.E. 2d 434 (1966). That case, however, is easily distinguishable. In *Homes*, defendant's mother contracted with plaintiff to build a house on defendant's land. Plaintiff, mistakenly believing that defendant's mother owned the land, built the house. Defendant claimed ownership and rented the house to a tenant. Defendant refused to allow plaintiff to remove the house although plaintiff offered to restore the land to its original condition. The Court ruled that where a builder constructs a house through a reasonable mistake, and the landowner elects to keep the house rather than have it removed, the landowner must pay the value by which his property has been increased. *See also* Wade, *Restitution for Benefits Conferred Without Request*, 19 Vand. L. Rev. 1183 (1966).

For the reasons stated, the judge should have granted Mrs. Hutton's motion for a directed verdict. Her motion for judgment notwithstanding the verdict was also denied. We, therefore, vacate the judgment that was entered against Mrs. Hutton and remand the case for entry of a directed verdict in her favor.

Vacated and remanded.

Judges HEDRICK and CARLTON concur.