RON MEDLIN CONSTRUCTION, A PARTNERSHIP, AND GEORGE RONALD MEDLIN, INDIVIDUALLY, PLAINTIFFS v. RAYMOND A. HARRIS AND SARAH N. HARRIS, DEFENDANTS, AND RON MEDLIN CONSTRUCTION, A PARTNERSHIP, AND GEORGE RONALD MEDLIN, INDIVIDUALLY, THIRD-PARTY PLAINTIFFS v. INTRACOASTAL SERVICE, INC; JOHN BIRD D/B/A BIRD ROOFING; LINDSAY WADE MILLSAPS D/B/A ENGINEERED PLUMBING; ED NEWSOME'S HARDWOOD FLOORING, INC.; AND THE PAINT DOCTOR, THIRD-PARTY DEFENDANTS

No. 417A09

(Filed 20 December 2010)

**Construction Claims; Partnerships; Quantum Meruit— construction of home or building—contract executed by partner in licensed partnership engaged in construction business**

A *de novo* review revealed the trial court did not err in a declaratory judgment action arising out of the construction of a house by granting summary judgment in favor of defendants on plaintiff's claim based on *quantum meruit*. Despite both parties' pleadings disavowing a contractual relationship between the partnership and defendants, Medlin Construction made no showing that Ron Medlin was not acting on behalf of the partnership in executing the contract with defendants. Without this showing, a licensed contractor partnership cannot recover in *quantum meruit*.

**RON MEDLIN CONSTR. v. HARRIS**

[364 N.C. 577 (2010)]

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, —— N.C. App. ——, 681 S.E.2d 807 (2009), affirming an order allowing summary judgment for defendants entered on 5 September 2006 by Judge B. Craig Ellis in Superior Court, Brunswick County. Heard in the Supreme Court 23 March 2010.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Robin K. Vinson, for plaintiff-appellants.*

*Shipman & Wright, L.L.P., by Gary K. Shipman and William G. Wright, for defendant-appellees Raymond and Sarah Harris.*

PARKER, Chief Justice.

Plaintiffs Ron Medlin Construction and George Ronald Medlin appeal from the decision of a divided panel of the Court of Appeals affirming the trial court's entry of summary judgment for defendants on Ron Medlin Construction's claim for relief based on *quantum meruit*. For the reasons stated herein, we modify and affirm the decision of the Court of Appeals and remand this case to the Court of Appeals for further remand to the trial court for additional proceedings not inconsistent with this opinion.

Plaintiffs Ron Medlin Construction (Medlin Construction), a partnership, and George Ronald Medlin (Medlin), individually, instituted this civil action arising out of the construction of a house for defendants Raymond A. Harris and Sarah N. Harris. The complaint seeks a declaratory judgment defining the rights and liabilities of the parties, sets forth claims based on *quantum meruit*/unjust enrichment and negligent misrepresentation, and requests that the court impose a constructive trust on defendants' property for monies allegedly owed. In essence, plaintiffs' complaint asserts that Medlin Construction built a house for defendants, that defendants have refused to pay for materials and labor furnished, that defendants misrepresented certain financial information, and that defendants refinanced the house, but did not use the proceeds to pay Medlin Construction amounts owed to it.

Defendants answered the complaint, asserting that they entered into a contract for construction of the house with Medlin individually and that the contract is unenforceable in that Medlin is not a licensed contractor. Moreover, defendants denied that they have a contractual relationship with, or are indebted to, Medlin Construction. Defendants also counterclaimed against Medlin, asserting that the guar-

**RON MEDLIN CONSTR. v. HARRIS**

[364 N.C. 577 (2010)]

anteed maximum cost of construction under the contract as amended was $554,000, that defendants or others acting on their behalf have paid in excess of $626,000 for construction of the residence, that the house was not completed, that unpaid bills for labor and materials exceed $75,000, and that Medlin refused to complete construction of the residence. Defendants assert claims for negligence and unfair and deceptive practices against Medlin.

The agreement executed by Medlin and the Harrises, a copy of which is attached as an exhibit to defendants' answer and counterclaim, is known as a "cost plus" contract and provides that: (a) the "guaranteed maximum" cost of construction would not exceed $604,800,[1] "except as provided in Change Orders"; (b) the Harrises would pay Medlin a fee for contractor's profit and overhead in the amount of "13 percent of the Cost of Construction" to be paid monthly based on "an itemized statement" for the previous month delivered to the owner by the contractor; (c) Medlin, as contractor, would "obtain the building permit and provide all labor, material, and equipment and [would] construct the dwelling house"; (d) "[t]he parties may agree to written change orders in the construction of the House and the Compensation paid to Contractor and Time for Completion shall be adjusted as agreed to by both parties"; and (e) the "Contract Documents may not be assigned or transferred without the written agreement of Contractor and Owner."

Following discovery, defendants moved for summary judgment, and after hearing the motion, the trial court entered summary judgment for defendants and dismissed plaintiffs' complaint. The motion for summary judgment did not address, and the trial court did not rule on, defendants' counterclaim. Plaintiffs appealed the ruling, and the Court of Appeals issued an opinion reversing the summary judgment. *Ron Medlin Constr. v. Harris*, 189 N.C. App. 363, 658 S.E.2d 6 (2008). Thereafter, defendants petitioned for rehearing. The petition was allowed, and on rehearing the Court of Appeals in a divided decision entered a superseding opinion affirming the trial court's entry of summary judgment for defendants. *Ron Medlin Constr. v. Harris*, —— N.C. App. ——, 681 S.E.2d 807 (2009).

Plaintiffs appeal to this Court based on the dissenting opinion in the Court of Appeals, arguing that the express contract between

---

1. Documents produced in discovery contain two Addenda to the contract. One shows $604,800 stricken with $554,000 written below; another shows $933,624 without any indication of the $604,800. Neither of these Addenda has the figure initialed, and neither is dated.

Medlin and defendants does not preclude Medlin Construction from recovering based on *quantum meruit.*

This Court reviews a trial court's entry of summary judgment de novo. *Builders Mut. Ins. Co. v. N. Main Constr., Ltd.,* 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006) (citing *Howerton v. Arai Helmet, Ltd.,* 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004)). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2009). " 'When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party.' " *In re Will of Jones,* 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Dalton v. Camp,* 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001)). The moving party has the burden "to show the lack of a triable issue of fact and to show that he is entitled to judgment as a matter of law." *Moore v. Crumpton,* 306 N.C. 618, 624, 295 S.E.2d 436, 441 (1982) (citing *Oestreicher v. Am. Nat'l Stores, Inc.,* 290 N.C. 118, 225 S.E.2d 797 (1976)).

*Quantum meruit* "operates as an equitable remedy based upon a quasi contract or a contract implied in law" which provides "a measure of recovery for the reasonable value of services rendered in order to prevent unjust enrichment." *Paul L. Whitfield, P.A. v. Gilchrist,* 348 N.C. 39, 42, 497 S.E.2d 412, 414–15 (1998) (citing *Potter v. Homestead Pres. Ass'n,* 330 N.C. 569, 578, 412 S.E.2d 1, 7 (1992)). *Quantum meruit* is "not an appropriate remedy when there is an actual agreement between the parties," *id.* at 42, 497 S.E.2d at 415, because "an express contract precludes an implied contract with reference to the same matter," *Vetco Concrete Co. v. Troy Lumber Co.,* 256 N.C. 709, 713, 124 S.E.2d 905, 908 (1962) (citing, *inter alia, Ranlo Supply Co. v. Clark,* 247 N.C. 762, 102 S.E.2d 257 (1958)).

Plaintiffs contend that because Medlin Construction did not enter into a contract with defendants for construction of defendants' residence, the principle that the existence of a contract covering the subject matter of the performance precludes recovery based on *quantum meruit* is inapplicable, and the dissenting opinion in the Court of Appeals is, thus, correct. Defendants contend, however, that the express contract for construction of defendants' home executed between defendants and Medlin, one of the two partners in Medlin Construction, precludes Medlin Construction's recovery under *quantum meruit* in that the express contract covers the same subject mat-

ter. Defendants further contend that even if preclusion requires that the claimant be a party, Medlin Construction is a party in that Medlin Construction is controlled by Medlin and Medlin now is seeking to do indirectly what he cannot do directly.

In this case the fact is undisputed that Medlin executed a contract with defendants to construct a home for them. The parties do not dispute that at the time Medlin signed the contract, he was not a licensed general contractor. Under the law in this state, "a contract illegally entered into by an unlicensed general construction contractor is unenforceable by the contractor." *Brady v. Fulghum*, 309 N.C. 580, 586, 308 S.E.2d 327, 331 (1983). Moreover, an "unlicensed person" is precluded from recovering damages "based on *quantum meruit*" for work performed pursuant to an unenforceable contract. *Bryan Builders Supply v. Midyette*, 274 N.C. 264, 273, 162 S.E.2d 507, 512 (1968) (citing T.J. Oliver, Annotation, *Failure of Artisan or Construction Contractor to Procure Occupational or Business License or Permit as Affecting Validity or Enforcement of Contract*, 82 A.L.R.2d 1429, § 3(c) (1962); 53 C.J.S. *Licenses* § 59b (1948)). However, Medlin, individually, is not seeking either to enforce the contract or to obtain recovery based on *quantum meruit*. Plaintiffs emphasize in their brief to this Court that the complaint does not refer to the contract between Medlin and defendants. The complaint does, however, without identifying with whom defendants contracted, allege that "Defendants prepared and executed a construction contract for the construction of a residence on their property."

Plaintiffs' complaint also alleges numerous times that "Ron Medlin Construction reasonably believed that it had the right and responsibility to construct a residence on the property of Defendants." The complaint further alleges that, relying on this reasonable belief,

Ron Medlin Construction established a checking account through which Ron Medlin Construction paid for materials and labor during the construction of the residence. In addition, on October 18, 2002, Ron Medlin Construction applied for and obtained a building permit for the work in question, and all inspections and certificates of occupancy were obtained by Ron Medlin Construction. Defendants had actual knowledge of these activities.

Plaintiffs further allege that "[i]n that the Defendants deny that there is [an] express or implied contract between Ron Medlin Construction

and Defendants, Ron Medlin Construction seeks equitable relief under the doctrines of *quantum meruit* and unjust enrichment." In their answer to the complaint, defendants admit that they "deny that there is an express or implied contract between them and Ron Medlin Construction." Although defendants deny in their answer to the complaint that Medlin Construction built their home, in their answer to plaintiffs' request for admissions defendants admit that Medlin Construction built the house. Thus, both plaintiffs and defendants in their pleadings take the position that Medlin Construction did not have a contractual relationship with defendants.

To put this case in context, we first note that resolution of this case implicates two sets of statutes—the general contractor licensing laws, Article 1, Chapter 87 of the North Carolina General Statutes, and the Uniform Partnership Act, Articles 2 through 4A, Chapter 59 of the North Carolina General Statutes.

Under N.C.G.S. § 87-10(b), the State Licensing Board for General Contractors shall issue an applicant a certificate to engage as a general contractor upon the applicant's satisfactory completion of an examination. Moreover, if the applicant for a general contractor's license is a "copartnership or corporation, or any other combination or organization," the examination shall be of "one or more of the responsible managing officers or members of the personnel of the applicant." N.C.G.S. § 87-10(c) (2009). Thus, under the licensing statute, a partnership can be a licensed unlimited building contractor without any partner being licensed. The partnership, Medlin Construction, was formed in 1990. The record reflects that Medlin was the qualifying person for Medlin Construction when Medlin Construction was issued an unlimited building contractor's license. The record also reflects that from 21 May 1986 through 31 December 1992, Medlin had a limited residential license to practice general contracting, and the partnership, Medlin Construction, was a licensed unlimited building contractor at all times relevant to this appeal.

Section 59-39 of the Uniform Partnership Act provides in pertinent part:

(a) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the

particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

(b) An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners.

*Id.* § 59-39(a)–(b) (2009). Section 45 of Chapter 59 further states that "[e]xcept as provided by subsections (a1) and (b) [pertaining to limited liability partnerships and the rendering of professional services] of this section, all partners are jointly and severally liable for the acts and obligations of the partnership." *Id.* § 59-45(a) (2009).

Unlike a corporation that acts through its officers and directors, who may or may not be shareholders, *see id.* §§ 55-8-01(b), -8-41 (2009); 18B Am. Jur. 2d *Corporations* § 1166 (2003), partnerships act through their partners, *see* N.C.G.S § 59-39(a). Shareholders in a corporation are insulated from personal liability for acts of the corporation, *id.* § 55-6-22(b) (2009), but partners in a partnership are not insulated from liability, *id.* § 59-45(a). Stated differently, no corporate veil exists between a general partnership and its partners. *See Johnson v. Gill*, 235 N.C. 40, 44, 68 S.E.2d 788, 791 (1952) ("[T]he common law rule of joint and several liability of partners for a tort committed by one of the members of the partnership is incorporated in [North Carolina's] Uniform Partnership Act . . . .").

Plaintiffs argue that the partnership was a separate legal entity and that the dissenting opinion in the Court of Appeals was correct in stating that "[t]he party seeking to recover for the value of the house it constructed for defendants is Ron Medlin Construction—a separate and distinct legal entity from George Ronald Medlin—which is duly licensed as a general contractor." *Ron Medlin Constr. v. Harris*, —— N.C. App. at ——, 681 S.E.2d at 812 (Jackson, J., dissenting). Although a prior Court of Appeals opinion stated that "[a] partnership is a distinct entity from the individual members constituting it," *Trujillo v. N.C. Grange Mut. Ins. Co.*, 149 N.C. App. 811, 815, 561 S.E.2d 590, 593 (quoting *Okla. Farm Bureau Mut. Ins. Co. v. Mouse*, 1953 OK 212, ¶ 7, 268 P.2d 886, 889 (1953)) (quotation marks omitted), *disc. rev. denied*, 356 N.C. 176, 569 S.E.2d 280 (2002), this Court has not ruled that a partnership is a separate legal entity for all purposes under the Uniform Partnership Act.

The jurisdictions appear to be split as to whether a partnership is a separate legal entity, an aggregate of the partners, or a hybrid orga-

nization that is viewed as an aggregation of partners for some purposes and as a separate entity for others. 59A Am. Jur. 2d *Partnership* § 5 (2003). "The Uniform Partnership Act requires recognition that a partnership is a legal entity distinct from its member partners for some purposes, but the separate entity concept is not inflexible." *Id.* § 7 (footnote omitted). In our view, the treatment of a partnership as a hybrid organization that is considered an aggregate of the partners for some purposes and a separate entity for others more nearly reflects a correct interpretation of the Uniform Partnership Act than does the separate entity concept. The act of a partner in furtherance of the partnership's business binds the partnership unless the partner was not authorized to act. N.C.G.S. § 59-39(a). This construction is not inconsistent with *Roller v. McKinney*, 159 N.C. 257, 258, 159 N.C. 319, 320–21, 74 S.E. 966, 966–67 (1912), and *Godwin v. Vinson*, 251 N.C. 326, 327, 111 S.E.2d 180, 181 (1959) (per curiam), cited by plaintiffs, which hold that when property is owned by a partnership, the partnership is the real party in interest for purposes of pursuing a civil action pertaining to the partnership property.

The critical question then in resolving this dispute is whether Medlin was acting in his individual capacity in executing the contract with defendants, or whether Medlin was acting on behalf of the partnership in executing the contract. In *Brewer v. Elks*, 260 N.C. 470, 133 S.E.2d 159 (1963), a case involving collection by a third party on a note that was not signed in the partnership name, this Court said:

> [T]he note was not signed in the partnership name; it did not on its face purport to be for the benefit of the partnership. To establish liability, plaintiff must show that the partner was acting on behalf of the partnership in procuring the loan and was authorized to so act; or that the partners, with knowledge of the transaction, thereafter ratified the acts of their partner.

*Id.* at 472–73, 133 S.E.2d at 162. The Court further said:

> Partnership contracts are not usually made in the names of the individual partners. The usual way for a partnership to indicate its liability for money borrowed is to execute the note in its name. Since the note here sued on was not executed in the name of the partnership, plaintiff had the burden of showing . . . [the other partners] had authorized the transaction.

*Id.* at 473, 133 S.E.2d at 162.

RON MEDLIN CONSTR. v. HARRIS

[364 N.C. 577 (2010)]

Although the alignment of the parties in *Brewer* differs from the alignment of the parties in this case, the legal principle concerning acts of a partner vis-a-vis the partnership itself is applicable. In the present case, these facts are undisputed: one of the two partners in the general construction contracting partnership executed a contract in his individual name; the business of the partnership was construction; and the subject of the contract was construction of a residence for the other parties to the contract. Thus, Medlin's execution of the contract was "apparently [for] carrying on in the usual way the business of the partnership." N.C.G.S. § 59-39(a). Although Medlin Construction seeks to avoid existence of the contract, Medlin Construction does not assert that Medlin lacked authority to enter into the contract on behalf of the partnership. The partnership obtained the building permits, the subcontractors, the building materials, the inspections, and the certificate of occupancy. In sum, Medlin Construction performed the contract, thereby acknowledging that Medlin was authorized to enter into the contract with defendants. In its pleading the partnership alleges that it had a reasonable belief that it was authorized and obligated to construct the house on defendants' property. However, the record is devoid of any evidence upon which Medlin Construction could have premised this reasonable belief other than the contract executed by its partner. Medlin Construction's conduct evidences that Medlin Construction considered the contract to be a partnership obligation.

Plaintiffs cite numerous cases[2] in support of their position that for Medlin Construction to be barred from recovering in *quantum meruit* the partnership must have been a named party to the contract. These cases, however, are distinguishable on their facts because in each of them the party seeking equitable recovery, or the party's intestate, in fact entered into a contract. Plaintiffs are correct that these cases support the rule that when a party has entered into an express contract concerning the subject matter, that party cannot have equitable recovery in *quantum meruit*. The cases do not, however, on their facts support the position that when there is an express

2. *Bryan Builders Supply*, 274 N.C. 264, 162 S.E.2d 507; *Vetco Concrete Co.*, 256 N.C. 709, 124 S.E.2d 905; *McLean v. Keith*, 236 N.C. 59, 72 S.E.2d 44 (1952); *Lawrence v. Hester*, 93 N.C. 90, 93 N.C. 79 (1885); *Thigpen v. Leigh*, 93 N.C. 65, 93 N.C. 47 (1885); *Dula v. Cowles*, 52 N.C. 224, 7 Jones 290 (1859); *Niblett v. Herring*, 49 N.C. (4 Jones) 262 (1857); *Petty v. Owen*, 140 N.C. App. 494, 537 S.E.2d 216 (2000), *disc. rev. denied*, 353 N.C. 379, 547 S.E.2d 16 (2001); *Delta Envtl. Consultants of N.C., Inc. v. Wysong & Miles Co.*, 132 N.C. App. 160, 510 S.E.2d 690, *disc. rev. denied*, 350 N.C. 379, 536 S.E.2d 70 (1999).

contract covering the subject matter, only a party to the contract can be precluded from recovering in *quantum meruit*.

Defendants argue this case is controlled by *Bryan Builders Supply*, 274 N.C. 264, 162 S.E.2d 507, *Brady*, 309 N.C. 580, 308 S.E.2d 327, and *Joe Newton, Inc. v. Tull*, 75 N.C. App. 325, 330 S.E.2d 664 (1985). While these cases are instructive that an unlicensed contractor cannot enforce a contract or obtain recovery in *quantum meruit*, these cases standing alone do not resolve the determinative issue in this case. Indeed, this case appears to be one of first impression. Our research discloses no case, and neither party has cited any opinion, in which a licensed contractor asserted that it obtained a building permit and constructed a house or other structure on someone else's property in the absence of a contract to which the contractor was either a party or the assignee of a party.

This case brings into tension the interplay between the building contractor licensure requirements for a partnership and the provisions of the Uniform Partnership Act. As noted earlier, a partnership can only act through its partners, but a general contractor partnership may be licensed even though no partner is licensed. Given that no partner is required to be licensed for a partnership to obtain a building contractor's license, plaintiffs' position, if adopted, would permit a partnership to structure its dealings to collect under a contract entered into by a partner in his or her individual name and then sue in *quantum meruit* on the theory that the partnership was not a party to the contract. Nothing in the record discloses why Medlin executed the contract in his individual name rather than in the name of "Ron Medlin Construction, a partnership, by Ronald Medlin." We agree with plaintiffs that Medlin's lack of a general contractor's license is immaterial to resolution of the issue before this Court. The purpose of the licensing statutes is to protect consumers from incompetent contractors. *Bryan Builders Supply*, 274 N.C. at 270, 162 S.E.2d at 510–11. Here the entity that built the house was licensed.

Plaintiffs rely on *Beacon Homes, Inc. v. Holt*, 266 N.C. 467, 146 S.E.2d 434 (1966), to support their position that defendants have been unjustly enriched and are estopped to deny Medlin Construction's claim for *quantum meruit. Beacon Homes*, however, is distinguishable on its facts from the present case. In *Beacon Homes*, the plaintiff contractor entered into a contract with the defendant's mother to build a house on property that the mother represented she owned. *Id.* at 471, 146 S.E.2d at 437. In fact, the defendant daughter owned the property, and she refused to pay for the improvements made by the

plaintiff on the property. *Id.* After noting that the plaintiff in good faith built the house in reliance on the mother's warranty that she owned the property, this Court held that "where through a reasonable mistake of fact one builds a house upon the land of another, the landowner, electing to retain the house upon his property, must pay therefor the amount by which the value of his property has been so increased." 266 N.C. at 474, 146 S.E.2d at 439. In the present case plaintiff partnership did not operate under a mistake of fact as to who owned the property. Defendants had a contract executed by a partner, had a good faith belief that the house was being built according to the contract, and made payments in excess of $700,000. Hence, unlike in *Rhyne v. Sheppard*, also relied on by plaintiffs, defendants did not stand idly by and watch the improvements being erected on their property by mistake, nor did defendants have reason to prevent the contracted-for construction. 224 N.C. 734, 737, 32 S.E.2d 316, 318 (1944).

The difficulty with plaintiffs' position is that defendants were doing business with Medlin, plaintiff Medlin Construction's partner. The actions of a partner in furtherance of the partnership's business are attributable to the partnership. *See* N.C.G.S. § 59-39(a). Admittedly, the record permits different inferences concerning whether Medlin or Medlin Construction paid the subcontractors and suppliers. Contrary to the allegation in the complaint, exhibits in the record reflect that the checking account set up to pay construction costs was established in the names of "Raymond A. Harris Jr. or Sarah N. Harris[;] Ronald Medlin," not Ron Medlin Construction. The account was designated "Harris Residence Acct." Medlin in his individual name, not in the name of the partnership, signed checks made payable to suppliers, subcontractors, and himself individually. These checks were itemized in an accounting prepared on Medlin Construction letterhead. Issues, if any, regarding payments to Medlin individually are partnership issues, not issues between plaintiffs and these defendants in this action. Defendants undisputably had an express contract for construction of their residence.

What plaintiffs seek is for this Court to disregard the role of partners in the operation of a partnership, to endorse a fiction that this partnership would have built defendants' house without the contract executed by its partner, and to hold that because the contract was not executed in the name of the partnership, the partnership can recover in *quantum meruit* even though an express contract covers the subject matter. This approach in essence would ignore the agree-

ment that defendants made with the partner and give one of the parties benefits beyond the contract.

"Where there is a special contract there can be none implied by law." *Lawrence v. Hester*, 93 N.C. 90, 92, 93 N.C. 79, 81 (1885). We hold that, as a matter of law, a contract for the construction of a home or building executed by a partner in a licensed partnership engaged in the construction business is the contract of the partnership unless the remaining partners can show that the partner was not authorized to act on behalf of the partnership and, if not so authorized, the partnership did not ratify the contract. Without this showing, a licensed construction contractor partnership cannot recover in *quantum meruit*. On the record before this Court, Medlin Construction has made no showing that Medlin was not acting on behalf of the partnership in executing the contract with defendants. To the contrary, Medlin Construction performed the contract by obtaining the building permit, subcontractors, materials, inspections, and certificate of occupancy. In reviewing a summary judgment, this Court examines the record de novo to determine whether genuine issues of material fact exist, and if not, whether on the undisputed facts a party is entitled to judgment as a matter of law. Thus, notwithstanding both parties' pleadings disavowing a contractual relationship between the partnership and defendants, the undisputed evidence in the record discloses that, as a matter of law, plaintiff Medlin Construction had a contractual relationship with defendants and thus, cannot recover in *quantum meruit*.

For the reasons stated herein, we hold that the trial court did not err in entering summary judgment for defendants and affirm the decision of the Court of Appeals. This case is remanded to the Court of Appeals for further remand to the trial court for resolution of the remaining issues.

MODIFIED AND AFFIRMED; REMANDED.