ZICKGRAF ENTERPRISES, INC., D/B/A NANTAHALA LUMBER COMPANY v. WAYNE YONCE, DENNIS HURST AND WIFE, LILLIAN HURST, WILLIAM O. BUTLER AND WIFE, EMILY J. BUTLER, JOHN EDWIN HENSON, TRUSTEE, CEDAR HIGH CORPORATION, H. S. WARD, JR., TRUSTEE, AND CLYDE SAVINGS AND LOAN ASSOCIATION

No. 8230SC845

(Filed 5 July 1983)

**Contracts § 6.1— unlicensed contractor—not preventing subcontractor from recovery on contract**

The inability of a general contractor, because of noncompliance with a licensing requirement, to recover on a contract with a property owner will not prevent a subcontractor as subrogee from recovery on the rights created by that same contract.

APPEAL by defendants Butler from *Gaines, Judge.* Order entered 7 June 1982 in Superior Court, JACKSON County. Heard in the Court of Appeals 20 May 1983.

Plaintiff instituted this action alleging that it was owed money for building materials which it delivered pursuant to a contract with the general contractors for the defendants Butler to be used in the construction of the Butlers' home. Attached to the verified complaint was a claim of lien filed against the Butler property by plaintiff as a first tier subcontractor. The defendants Butler filed a motion for summary judgment which was denied by the trial judge. A further motion for rehearing was also denied. From denial of their motions, defendants appeal.

*Coward, Coward & Dillard, by Orville D. Coward, Jr., for plaintiff-appellee.*

*Downs & Henning, by James U. Downs, for defendants Hurst-appellees.*

*Siler & Philo, by Steven E. Philo, for defendants Butler-appellants.*

EAGLES, Judge.

Defendants argue but one issue from the trial judge's denial of their motion for summary judgment. They contend that summary judgment should have been granted as a matter of law because plaintiff is a first-tier subcontractor claiming rights from the owners of property through subrogation under an unlicensed general contractor.

As a general rule, an order which denies a motion for summary judgment is not appealable. *Hill v. Smith*, 38 N.C. App. 625, 248 S.E. 2d 455 (1978). However, in our discretion we have chosen to review the trial judge's order because of the significance of the legal issue presented. *See Stanback v. Stanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975).

The pertinent provision of the trial judge's order denying defendants' motion for a rehearing on summary judgment states as follows:

6. The failure of the defendant general contractors to be licensed as general contractors as is required by Article I, Chapter 87 of the North Carolina General Statutes is a defense which may be asserted by the defendant land owners Butler against said general contractors on any claim asserted by said general contractors against the defendant land owners based on the construction and work; however, such is not a defense which the defendant land owners Butler may assert against the plaintiff claiming rights of subrogation accorded a first tier subcontractor under Article II of Chapter 44 of the North Carolina General Statutes.

There is no dispute that defendants Yonce and Hurst were general contractors who undertook to construct a house for the defendants Butler at a price exceeding $30,000. It is also acknowledged that the general contractors had not at any time substantially complied with the applicable mandatory licensing requirements of G.S. 87-10. Our courts have uniformly held that a general contractor within the meaning of G.S. 87-1, who is not licensed pursuant to statute, may not recover against the owner of the property for breach of the construction contract itself or on *quantum meruit. Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E. 2d 507 (1968); *Helms v. Dawkins*, 32 N.C. App. 453, 232 S.E. 2d 710 (1977). However, since G.S. 87-13 provides a criminal penalty for violation of the licensing requirements, the statute must be strictly construed. Its scope may not be extended by implication beyond the clear meaning of the statutory language so as to impose sanctions upon offenses by those persons not intended to be regulated. *Vogel v. Supply Co. and Supply Co. v. Developers, Inc.*, 277 N.C. 119, 177 S.E. 2d 273 (1970). Consequently, the court in *Vogel* concluded that the licensing requirements of G.S. 87-1 *et*

*seq.* do not apply to subcontractors. The *Vogel* court also held that the licensing statutes do not affect the rights and liabilities between contractors and subcontractors where the public interest is not involved.

We must now resolve the question before us of whether the inability of a general contractor, because of noncompliance with a licensing requirement, to recover on a contract with a property owner will also prevent a subcontractor as subrogee from recovery on the rights created by that same contract. We hold that there is no bar on this ground to the subcontractor's legitimate claim. The failure of a general contractor to be licensed does not render "void" the contract between the contractor and the owner. *Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E. 2d 507 (1968). The nature of the transaction is still extant, with the *proviso* that in an action brought against the owner by the general contractor, the owner may assert against the general contractor the affirmative defense of failure to be properly licensed. This fulfills the purpose of the licensing statute which is the protection of the public against incompetent builders. *Cf., Sand and Stone, Inc. v. King*, 49 N.C. App. 168, 270 S.E. 2d 580 (1980). The licensing statutes should not be used as a shield to avoid a just obligation owed to an innocent party. Our courts will not impose penalties for the failure to comply with licensing requirements in addition to those specifically set out in the statute. We perceive no injury to the public, as contemplated by the licensing statutes, which will arise from the enforcement of a lien by a subcontractor where the lien arises out of a valid contract between an unlicensed general contractor and a property owner. We therefore hold that the trial judge was correct in his denial of defendants' motion for summary judgment on this ground.

The order below is

Affirmed.

Judges WHICHARD and JOHNSON concur.