JONES COOLING & HEATING, INC. v. DAVID A. BOOTH, Individually and Partner, and THOMAS D. CODY, Individually and Partner

No. 8910DC1108

(Filed 7 August 1990)

**Subrogation § 1 (NCI3d) — subcontractor not paid by contractor — claim against owners — summary judgment for defendants**

The trial court properly granted summary judgment for defendants in an action in which plaintiff sought to recover payment for installation of a heating and air-conditioning system from the owners of the building even though plaintiff had no contract with the owners. Although plaintiff contended that it was entitled to use the doctrine of equitable subrogation as a basis for its claim for unjust enrichment, plaintiff concedes that it had an adequate legal remedy in the form of a statutory lien against defendants pursuant to N.C.G.S. § 44A-18, but did not exercise it in a timely manner. Plaintiff's failure to timely assert the remedy is not a circumstance that renders the statutory remedy inadequate.

**Am Jur 2d, Mechanics' Liens § 357; Subrogation § 4.**

APPEAL by plaintiff from judgment entered 29 June 1989 by *Judge Fred M. Morelock* in WAKE County District Court. Heard in the Court of Appeals 11 April 1990.

*Farris & Farris, P.A., by Thomas J. Farris and Carl E. Gaddy, Jr., for plaintiff-appellant.*

*Bode, Call & Green, by S. Todd Hemphill, for defendant-appellee David A. Booth.*

*Wyrick, Robbins, Yates & Ponton, by Emily R. Copeland, for defendant-appellee Thomas D. Cody.*

GREENE, Judge.

Plaintiff appeals the trial court's order granting summary judgment for defendants in plaintiff's civil suit to recover payment for installation of an air-conditioning system.

Record evidence shows that plaintiff is a North Carolina corporation engaged in the business of supplying and installing heating and air-conditioning equipment. At the time of these events, defend-

ants were partners who leased shopping center space to be developed into a restaurant.

On 18 November 1985, defendants entered into a written contract with Growth Builders, a business name for a company comprising individuals George Rowe and Mike Van Pelt. Pursuant to the contract, Growth Builders was general contractor for building the restaurant. The contract included these provisions:

> 1.1 The Contractor shall perform all the Work required by the Contract Documents for "A restaurant fit[-]up [sic] . . . 6.1.3 Payments made by the Contractor to Subcontractors for Work performed pursuant to subcontracts under this Agreement. 11.2 Nothing contained in the Contract Documents shall create any contractual relationship between Owner . . . and any Subcontractor or Sub-subcontractor.

On 30 December 1985, plaintiff submitted to Growth Builders a proposal to install heating and air-conditioning equipment in defendants' restaurant for $12,711.00. Growth Builders accepted the proposal offer and plaintiff installed the equipment. Growth Builders paid plaintiff $2,500.00, leaving an unpaid balance of $10,211.00. Plaintiff received no other payments from Growth Builders. Plaintiff subsequently discovered that Growth Builders was not a state-licensed contractor. Plaintiff then demanded payment from defendants, who refused, based on the contract provisions above.

Plaintiff instituted suit, alleging its right to recovery based on defendants' unjust enrichment. Defendants submitted separate answers denying plaintiff's allegations. Plaintiff did not perfect a subcontractor's lien, as provided by N.C.G.S. § 44A-18 (1989).

Each defendant and plaintiff moved for summary judgment, offering their respective affidavits in support of their motions. After a hearing on the motions, the court entered summary judgment for each defendant and denied plaintiff's motion.

---

The sole issue is whether a subcontractor who has no contract with the owners is subrogated to the general contractor's claim against the owners for services rendered.

> Summary judgment is appropriate if the movant shows no genuine issue of material fact and that he is entitled to judgment as a matter of law. . . . To entitle one to summary

judgment, the movant must conclusively establish 'a complete defense or legal bar to the non-movant's claim.'

*Cheek v. Poole*, 98 N.C. App. 158, 162, 390 S.E.2d 455, 458 (1990); N.C.G.S. § 1A-1, Rule 56 (1983).

Plaintiff contends that summary disposition was inappropriate because it was entitled to use the doctrine of equitable subrogation as a basis for its claim of unjust enrichment. We disagree.

" 'A person who has been unjustly enriched at the expense of another is required to make restitution to the other.' " *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 555-56, *reh. denied*, 323 N.C. 370, 373 S.E.2d 540 (1988). "A claim of this type is neither in tort nor contract but is described as a claim in quasi contract or a contract implied in law." *Id.*, at 567, 369 S.E.2d at 556.

"Subrogation is an equitable remedy in which one steps into the place of another and takes over the right to claim monetary damages to the extent that the other could have . . ." *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 11, 362 S.E.2d 812, 818 (1987). "While subrogation is not founded on contract, there must, in every case, whe[n] the doctrine is invoked, in addition to the inherent justice of the case, concur therewith some principle of equity jurisprudence as recognized and enforced by courts of equity." *Journal Publishing Co. v. Barber*, 165 N.C. 478, 488, 81 S.E. 694, 698 (1914).

> Equity supplements the law. . . . Its character as the complement merely of legal jurisdiction rests in the fact that it seeks to reach and do complete justice where courts of law, through the inflexibility of their rules and want of power to adapt their judgments to the special circumstances of the case, are incompetent to do. It was never intended that it should, and it will never be permitted to, override or set at naught a positive statutory provision. . . .

*Zebulon v. Dawson*, 216 N.C. 520, 522, 5 S.E.2d 535, 537 (1939) (plaintiffs could not use any equitable theory to reduce a statutory interest rate, to set-off a bond against a street assessment, to delay foreclosure for nonpayment of taxes, or to assess the prevailing party with court costs).

"Equity will not lend its aid in any case whe[n] the party seeking it has a full and complete remedy at law." *Centre Develop-*

*ment Co. v. County of Wilson*, 44 N.C. App. 469, 470, 261 S.E.2d 275, 276, *review denied, appeal dismissed*, 299 N.C. 735, 267 S.E.2d 660 (1980) (citation omitted) (plaintiff could not use an injunction to prevent the county's use of eminent domain when plaintiff had a statutory remedy); *Hawks v. Brindle*, 51 N.C. App. 19, 25, 275 S.E.2d 277, 282 (1981) (plaintiff could not use an equitable restitution claim when plaintiff had a legal remedy for breach of the covenant against encumbrances); *see also Johnson v. Stevenson*, 269 N.C. 200, 152 S.E.2d 214 (1967) (plaintiff cannot invoke a constructive trust on property disposed of by will when a direct attack by will caveat "gave her a full and complete remedy at law"); *Jefferson Standard Life Ins. Co. v. Guilford County*, 225 N.C. 293, 34 S.E.2d 430 (1945) (plaintiff could not use a restitution theory for recovering the balance of a promissory note secured by a deed of trust when plaintiff had the legal remedy of foreclosure).

Plaintiff concedes that it had an adequate legal remedy in the form of a statutory lien against defendants pursuant to N.C.G.S. § 44A-18, but did not exercise it in a timely manner. *See Zickgraf Enterprises, Inc. v. Younce*, 63 N.C. App. 166, 303 S.E.2d 852 (1983) (a subcontractor has the right to enforce a N.C.G.S. § 44A-18 lien against the property owner, based on a valid contract between an unlicensed general contractor and the property owner). We do not consider plaintiff's failure to timely assert the remedy a circumstance that renders the statutory remedy 'inadequate,' because to do so would allow a party to circumvent the equitable principle set out above. Therefore, the existence of a legal remedy acts as a legal bar to plaintiff's subrogation claim, and the trial court properly granted summary judgment for defendants.

Affirmed.

Judges WELLS and EAGLES concur.