JOHN M. JENCO AND LESLYE M. JENCO, PLAINTIFFS V. SIGNATURE HOMES, INC., A NORTH CAROLINA CORPORATION, AND CRAIG R. WIESER, INDIVIDUALLY, AND SIGNATURE HOME CORPORATION, DEFENDANTS V. SECOR BANK F.S.B., THIRD PARTY DEFENDANT

No. COA95-496

(Filed 19 March 1996)

1. **Appeal and Error § 122 (NCI4th)— interlocutory appeal— possible inconsistent verdicts—order immediately appealable**

The order allowing plaintiffs' motion for partial summary judgment against three of defendants' counterclaims was immediately appealable, though the appeal was interlocutory, where plaintiffs' claims and defendants' fourth counterclaim remain viable, since different juries could reach different results, thereby resulting in inconsistent verdicts on the same factual issues, and thus affecting a substantial right of defendants which would be prejudiced if the appeal were not allowed.

**Am Jur 2d, Parties § 81; Process § 407.**

**Appealability of order dismissing counterclaim. 86 ALR3d 944.**

JENCO v. SIGNATURE HOMES, INC.

[122 N.C. App. 95 (1996)]

**Modern status of state court rules governing entry of judgment on multiple claims. 80 ALR4th 707.**

2. **Contractors § 12 (NCI4th)— corporation as unlicensed contractor—no recovery on illegal contract allowed—no quantum meruit recover**

The trial court properly entered summary judgment for plaintiffs on defendant's counterclaims for breach of contract, *quantum meruit*, and foreclosure on a claim of lien for labor and materials, since, at the time the parties entered into the contract in which the corporate seller was to construct a home for plaintiffs, the seller was an unlicensed general construction contractor even though the individual defendant, who was a licensed contractor, was the president, and the individual defendant's subsequent appointment as the seller and the transfer of the contract during construction by the unlicensed contractor to a corporation which was a licensed contractor did not cure the illegal contract which existed at the time the contract was signed; furthermore, recovery under quantum meruit is not applicable where there is an express contract.

**Am Jur 2d, Judgments 624; Restitution and Implied Contracts § 65.**

**Failure of building and construction artisan or contractor to procure business or occupational license as affecting enforceability of contract or right of recovery for work done—modern cases. 44 ALR4th 271.**

Appeal by defendants from order entered 20 January 1995 by Judge James Clifford Spencer, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 February 1996.

*Greene and Dortch, by Robert J. Greene, Jr., for plaintiffs-appellees.*

*Knox, Knox, Freeman & Brotherton, by Lisa G. Caddell, for defendants-appellants.*

JOHNSON, Judge.

In the fall of 1992, plaintiffs John and Leslye Jenco decided to purchase a lot and build a home in a residential subdivision of

Charlotte, North Carolina known as Radbourne. The developer of Radbourne was Crosland Land Company. This developer had initiated a policy that it would not sell lots to individuals. Instead, Crosland Land Company would only sell lots to a list of pre-approved general contractors. One of the pre-approved general contractors for the Radbourne subdivision was Signature Homes, Inc. (Signature, Inc.).

Plaintiffs and Craig Wieser signed a document entitled Purchase Agreement which was dated 20 November 1992. Plaintiffs contend that this was a contract for the sale of the lot and construction of a house by Signature, Inc. There are, in fact, two different versions of this document. One version is attached as Exhibit A to plaintiffs' complaint and the other is attached as Exhibit A to defendants' answer and counterclaim. Defendants' version of this document contains a separate page entitled "Agreement to Purchase—Addendum 1," which was drafted by plaintiff John Jenco and signed by all parties on or about 31 December 1992. This addendum to the purchase agreement designates the "Seller" as "Craig R. Wieser d/b/a Signature Homes, Inc., a North Carolina corporation."

In February of 1993, a closing took place in which Signature, Inc. sold to plaintiffs a lot in the Radbourne subdivision. This closing was coordinated with the acquisition of that same property by Signature, Inc. from the developer of the subdivision.

Construction on plaintiffs' residence started about 10 April 1993. Building permits were granted in the name of Craig R. Wieser as the general contractor. Since 1990, Mr. Wieser had been a licensed general contractor in the State of North Carolina. Signature, Inc. has never held a general contractor's license.

In May of 1993, Mr. Wieser formed a new corporation called Signature Homes Corporation (Signature Corporation). Mr. Wieser applied for an unlimited general contractor's license for that corporation. This license was granted 19 May 1993. Thereafter, all existing projects which had been commenced under Mr. Wieser's supervision were transferred to Signature Corporation. Construction on the Jencos' residence continued until 29 August 1993. At that time, due to various conflicts with Mr. Wieser, the Jencos requested that he leave the project. As of that date, the Jencos had paid construction progress payments of $113,111.71. This figure included $50,000.00 which was paid for the lot. At the time Mr. Wieser exited the job, the Jencos owed $76,905.21 for labor and materials provided in the construction of the project.

JENCO v. SIGNATURE HOMES, INC.

[122 N.C. App. 95 (1996)]

On 29 October 1993, a claim of lien was filed against the Jencos' property by Craig Wieser d/b/a Signature Homes, Inc. and Signature Home Corporation in the amount of $76,905.21.

This suit was filed 12 November 1993. In the complaint, plaintiffs alleged that their contract was with Signature, Inc., the corporation. They further alleged that this corporation was an unlicensed contractor. Thus, plaintiffs argue that defendants cannot recover on the lien. Plaintiffs further contend that Signature, Inc., as general contractor,' caused damages by failing to continue the work in a .workman-like manner.

Defendants' answer alleged that Craig R. Wieser was a party to the original contract by virtue of the addendum drafted by plaintiff John Jenco. In defendants' first cause of action it is alleged that Craig R. Wieser is entitled to a recovery against the plaintiffs for breach of contract. In the alternative, Craig R. Wieser and Signature Corporation contend that they are entitled to recover the amount of labor and materials expended in the construction of plaintiffs' residence under a theory of quantum meruit. Finally, defendants allege a third cause of action in which Craig R. Wieser and Signature Corporation contend that they should be permitted to foreclose on the claim of lien filed 29 October 1993.

Plaintiffs filed a motion for partial summary judgment on the grounds that the contract in this action was strictly with Signature, Inc. Moreover, they also argued that since Signature, Inc. was an unlicensed general contractor, there should be no recovery for labor and materials expended in the construction of plaintiffs' residence by either Signature, Inc., Craig R. Wieser, or Signature Corporation.

The trial court granted plaintiffs' motion for partial summary judgment and dismissed the first three causes of action in defendants' answer and counterclaim and cancelled the claim of lien filed in this action. From this order, defendants have appealed.

[1] Although the parties failed to address the issue, we must first ascertain whether the order allowing plaintiffs' motion for partial summary judgment is immediately appealable. Plaintiffs' claims and defendants' fourth counterclaim remain viable; therefore, this action in not a final determination of the rights of the parties. N.C.R. Civ. P. 54(a). Thus, whether defendants would be deprived of a substantial right if they were not allowed an immediate appeal is the issue we first address. See Beam v. Morrow, Sec. of Human Resources, 77 N.C.

App. 800, 336 S.E.2d 106 (1985), *disc. review denied*, 316 N.C. 192, 341 S.E.2d 575 (1986).

This Court has held that the right to avoid the possibility of two trials on the same issues involved a substantial right if the same issues are present in both trials. *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982); see *Lamb v. Lamb*, 92 N.C. App. 680, 683, 375 S.E.2d 685, 686 (1989). The same factual issues are involved in plaintiffs' claims and in defendants' claims. If the present appeal is not immediately heard, it is probable that different juries could reach different results— thereby resulting in inconsistent verdicts on the same factual issues. *Id.* Accordingly, the grant of partial summary judgment against defendants' counterclaims affects a substantial right which would be prejudiced if this action was not immediately appealable.

[2] Defendants argue that the trial court erred in granting partial summary judgment in favor of plaintiffs on defendants' first three counterclaims. Defendants contend that a genuine issue of material fact exists which precludes summary judgment on its counterclaims. Defendants allege that the "Addendum to Purchase Contract" indicates that Craig Wieser d/b/a Signature Homes, Inc. is the "Seller" under the purchase agreement. Consequently, a genuine issue of material fact exists as to whether the parties intended for Craig Wieser, the individual, to be a party to the agreement and to assume the rights, duties and obligations of "Seller." We disagree.

The actual purchase agreement provides that "SIGNATURE HOMES INC., THIS DAY HAS SOLD AND JOHN AND LESLY [sic] JENCO THIS DAY HAS [sic] PURCHASED . . . ." Further the typed signature states "SIGNATURE HOMES INC. SELLER" with Craig Wieser's signature. However the Addendum provides "To facilitate the conclusion of the subject residential Agreement to Purchase, previously executed between Leslye M. and John M. Jenco (hereinafter jointly referred to as "Buyer"), and, Craig R. Wieser, dba Signature Homes Inc., a North Carolina corporation, (hereinafter jointly referred to as "Seller") . . . ." Further, the typed signature line states that Craig R. Wieser was the Seller.

Our Supreme Court has held that contracts entered into by unlicensed construction contractors are unenforceable by the contractor. *Brady v. Fulghum*, 309 N.C. 580, 308 S.E.2d 327 (1983). The Court further held that "the existence of a license at the time the contract is signed is determinative." *Id.* at 586, 308 S.E.2d at 331. Moreover, the contract cannot be validated by the contractor's subsequent procure-

ment of a license. *Id.* At the time that the parties entered into the contract in which the Seller, Signature Homes, Inc., was to construct a home for plaintiffs, Seller Signature Homes, Inc. was an unlicensed general construction contractor. Thus, defendant Wieser's subsequent appointment as the Seller and transfer of the contract during construction by Signature Homes, Inc., an unlicensed contractor, to Signature Home Corporation, a licensed contractor, did not cure the illegal contract which existed at the time that the contract was signed.

In *Joe Newton, Inc. v. Tull*, 75 N.C. App. 325, 330 S.E.2d 664 (1985), a case substantially similar to the one at bar, the corporation, an unlicensed general contractor, initiated a lawsuit to recover $55,000.00 allegedly owed on a contract for construction of certain renovations at a Mecklenburg County office park. The plaintiff argued that because its president was individually licensed as a general contractor, that his license was for the corporation's benefit. This Court held that a corporation which was an unlicensed general contractor, could not recover even though the corporation's president and sole shareholder was properly licensed as a general contractor in his individual capacity. *Id.*

Defendants argue in the alternative that they are entitled to recover payment under the theory of quantum meruit. This argument is also without merit because recovery under quantum meruit is not applicable where there is an express contract. *Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E.2d 507 (1968); *see Brady*, 309 N.C. 580, 308 S.E.2d 327.

For the reasons stated above, the trial court did not err in granting summary judgment for plaintiffs on defendants' counterclaims. Therefore, the decision of the trial court is affirmed.

Affirmed.

Judges MARTIN, JOHN C. and McGEE concur.