RON MEDLIN CONSTRUCTION, A PARTNERSHIP, AND GEORGE RONALD MEDLIN, INDIVIDUALLY, PLAINTIFFS v. RAYMOND A. HARRIS AND SARAH N. HARRIS, DEFENDANTS, AND RON MEDLIN CONSTRUCTION, A PARTNERSHIP, AND GEORGE RONALD MEDLIN, INDIVIDUALLY, PLAINTIFFS AND THIRD PARTY PLAINTIFFS v. INTRA-COASTAL SERVICE, INC.; JOHN BIRD, D/B/A BIRD ROOFING; LINDSAY WADE MILLSAPS, D/B/A ENGINEERED PLUMBING; ED NEWSOME'S HARDWOOD FLOORING, INC.; AND THE PAINT DOCTOR, THIRD-PARTY DEFENDANTS

No. COA06-1665

(Filed 18 March 2008)

**Construction Claims— licensing requirements—construction contract signed by unlicensed contractor—summary judgment improperly granted**

The trial court erred in a declaratory judgment case arising out of a dispute involving the construction of a house by granting summary judgment in favor of defendant homeowners based on the alleged bar to recovery under the licensing requirements because: (1) although defendants contend plaintiffs' claims are barred by North Carolina's contractor licensing requirements when the construction contract was signed by plaintiff individual who was an unlicensed contractor, plaintiff construction company sought to recover the value of its services in building defendants' home instead of plaintiff individual; (2) the North Carolina general contractor licensing requirements bar recovery by an unlicensed general contractor, and plaintiff construction company was not an unlicensed general contractor; and (3) a reasonable person could find that plaintiff construction company was the general contractor of defendants' house, and at all relevant times plaintiff construction company was a licensed contractor.

Appeal by plaintiffs from an order entered 5 September 2006 by Judge B. Craig Ellis in Brunswick County Superior Court. Heard in the Court of Appeals 22 August 2007.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Robin K. Vinson, for plaintiffs-appellants.*

*Shipman & Wright, L.L.P., by Gary K. Shipman and Matthew W. Buckmiller, for defendants-appellees.*

RON MEDLIN CONSTR. v. HARRIS

[189 N.C. App. 363 (2008)]

JACKSON, Judge.

Ron Medlin Construction ("plaintiff Medlin Construction") and George Ronald Medlin ("plaintiff Medlin") (collectively "plaintiffs") appeal from an order granting a motion for summary judgment brought by Raymond A. Harris and Sarah N. Harris ("defendants"). For the following reasons, we reverse.

In September 2002, defendants entered into a written construction contract for a single-family residence to be built at 1770 Twisted Oak Lane SW in Brunswick County. The "Cost Plus" addendum to this contract shows the contractor is "Mr. Ron Medlin"; the signature of "Ron Medlin" appears on the "Contractor" line; and no signature appears on the "Authorized Official" line. At the time this addendum was signed, "Ron Medlin" was not a licensed general contractor in the State of North Carolina. Plaintiff Medlin Construction is a North Carolina general partnership consisting of plaintiff Medlin and his wife as general partners. At the time the addendum was signed, plaintiff Medlin Construction was a licensed general contractor in the State of North Carolina, with plaintiff Medlin as the qualifying individual.

Plaintiff Medlin Construction (1) maintained a checking account for materials and labor during construction, in the names of defendants and "Ronald Medlin"; (2) purchased materials and labor for the project; (3) obtained building permits, inspections, and certificates of occupancy; and (4) constructed a house at 1770 Twisted Oak Lane SW in Brunswick County. Defendants paid in excess of $725,000.00 towards the costs of construction, and after completion, the house was appraised at $1,300,000.00.

After construction was complete, a dispute arose between plaintiffs and defendants related to additional moneys allegedly owed on the project. Prior to the filing of this suit, defendants questioned the validity of the construction contract and refused to make further payments under it. Plaintiffs brought claims for (1) a declaratory judgment of the rights of each plaintiff, (2) *quantum meruit/* unjust enrichment, (3) negligent misrepresentation, and (4) a constructive trust. Defendants counterclaimed for (1) negligence, and (2) unfair and deceptive trade practices. After discovery, defendants brought a motion for summary judgment, which the trial court granted in their favor on 1 September 2006. Thereafter, plaintiffs filed timely notice of appeal.

The sole issue on appeal is whether the motion for summary judgment was properly granted. In ruling on a motion for summary judgment, a trial court rules only on questions of law; thus, the trial court's ruling is reviewed on appeal *de novo. Va. Electric and Power Co. v. Tillett*, 80 N.C. App. 383, 384-85, 343 S.E.2d 188, 190-91, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986). This Court must determine, based upon the evidence presented to the trial court, whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980), *cert. denied*, 276 S.E.2d 283 (1981).

The moving party bears the burden of showing that no triable issue of fact exists. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citing *Texaco, Inc. v. Creel*, 310 N.C. 695, 314 S.E.2d 506 (1984)). This burden can be met by proving: (1) that an essential element of the non-moving party's claim is nonexistent; (2) that discovery indicates the non-moving party cannot produce evidence to support an essential element of his claim; or (3) that the non-moving party cannot surmount an affirmative defense which would bar the claim. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted). Once the moving party has met its burden, the non-moving party must forecast evidence that demonstrates the existence of a *prima facie* case. *Id.* (citation omitted).

Defendants argue that plaintiffs' claims are barred by North Carolina's contractor licensing requirements. North Carolina General Statutes, section 87-1 defines a "general contractor" as one who "undertakes to bid upon or to construct . . . any building, . . . or any improvement or structure where the cost of the undertaking is thirty thousand dollars ($ 30,000.00) or more" for compensation. N.C. Gen. Stat. § 87-1 (2001). Section 87-13 provides, *inter alia*, that a person or firm who contracts for or bids on a project enumerated in section 87-1 and does not hold a valid North Carolina contractor's license is guilty of a class 2 misdemeanor. N.C. Gen. Stat. § 87-13 (2001).

The purpose of the licensing requirements "is to protect the public from incompetent builders." *Builders Supply v. Midyette*, 274 N.C. 264, 270, 162 S.E.2d 507, 510-11 (1968). North Carolina caselaw has established several basic principles with this purpose in mind. When an unlicensed contractor enters into a contract in violation of the statutes, he may not recover under that contract. *Id.* at 270, 162 S.E.2d at 511. Similarly, he may not recover when the cause of action

is based upon *quantum meruit* or unjust enrichment. *Id.* at 273, 162 S.E.2d at 512. However, the contract is not void; those parties who are not regulated by the statutes may enforce a contract against an unlicensed contractor. *Brady v. Fulghum*, 309 N.C. 580, 586, 308 S.E.2d 327, 331-32 (1983) (citing *Midyette*, 274 N.C. at 270-71, 162 S.E.2d at 511) *superceded by statute on other grounds as recognized in Hall v. Simmons*, 329 N.C. 779, 407 S.E.2d 816 (1991).

An unlicensed contractor cannot have his work supervised by a licensed contractor in order to comply with the licensing requirements. *Sager v. W.M.C., Inc.*, 64 N.C. App. 546, 549, 307 S.E.2d 585, 587 (1983). However, a licensed contractor may contract to perform tasks his license does not qualify him to perform, if he subcontracts such tasks to a contractor whose license covers such tasks. *Baker Construction Co. v. Phillips*, 333 N.C. 441, 447, 426 S.E.2d 679, 683 (1993). An unlicensed corporation may not enforce a contract based upon the license of its president and sole shareholder. *Joe Newton, Inc. v. Tull*, 75 N.C. App. 325, 328-29, 330 S.E.2d 664, 667 (1985).

In this case, the construction contract was signed by plaintiff Medlin, an unlicensed contractor. Under a strict application of the statutes, *he* is barred from recovering on the contract or under a theory of *quantum meruit* or unjust enrichment. However, he has not sought to so recover. Plaintiff Medlin sought only a judicial declaration that plaintiff Medlin Construction—rather than the individual plaintiff Medlin—constructed the residence in question. Defendants argue that just as plaintiff Medlin is barred, plaintiff Medlin Construction similarly is barred because there was an express, albeit unenforceable, contract between themselves and plaintiff Medlin.

Defendants argue that "there can be no implied agreement where an express one exists. It is only when the parties do not expressly agree that the law may raise an implied promise[,]" pursuant to *McLean v. Keith*, 236 N.C. 59, 72, 72 S.E.2d 44, 53 (1952). Only one of the cases cited by defendants in support of their argument involved a third party to an express contract; we find it distinguishable. In *Concrete Co. v. Lumber Co.*, 256 N.C. 709, 124 S.E.2d 905 (1962), an express contract existed between the plaintiff and a building company. The plaintiff sought to recover in *quantum meruit* against the defendant, a third-party beneficiary of the express contract. *Id.* "When there is a contract between two persons for the furnishing of services or goods to a third, the latter is not liable on an implied contract simply because he has received such services or goods." *Id.* at 714, 124 S.E.2d at 908 (citations omitted). In the instant case, there

was no express contract between plaintiff Medlin and plaintiff Medlin Construction of which defendants were a third-party beneficiary. There was an express contract between plaintiff Medlin and defendants. Plaintiff Medlin Construction argues that it conferred benefits upon defendants that are separate and distinct from the express contract and that there was an implied contract between itself and defendants.

Defendants also cite *Jenco v. Signature Homes, Inc.*, 122 N.C. App. 95, 468 S.E.2d 533 (1996), in support of their argument. In *Jenco*, as in the instant case, an express contract was signed by an unlicensed contractor. The licensed contractor—an individual doing business as the unlicensed contractor—sought to recover in *quantum meruit*. This Court denied recovery "because recovery under *quantum meruit* is not applicable where there is an express contract." *Id.* at 100, 468 S.E.2d at 536 (citations omitted). However, unlike the facts in the case *sub judice*, the licensed contractor in *Jenco* also was a party to the express contract; he became a party through a subsequent addendum. This Court (1) found that at the time the initial contract was signed, the named contractor was unlicensed; and (2) held that the subsequent addendum did not cure the illegal contract that existed at the time that the contract was signed. *Id.* at 100, 468 S.E.2d at 535. The *Jenco* Court did not discuss whether the licensed individual could have recovered had he not been a party to the express contract.

In this case, plaintiffs alleged that plaintiff Medlin Construction built a residence on defendants' property reasonably believing it had the right to do so, based upon defendants' express contract. Because defendants denied the existence of an express contractual relationship between themselves and plaintiff Medlin Construction, plaintiff Medlin Construction proceeded upon a theory of *quantum meruit*. In contrast, plaintiff Medlin only sought a declaratory judgment that plaintiff Medlin Construction, and not plaintiff Medlin, constructed the residence in question. He did not seek to enforce the contract. The only express contract presented to this Court was signed by defendants and plaintiff Medlin, with no indication that he signed on behalf of plaintiff Medlin Construction. Although plaintiff Medlin would be barred from recovering on the illegal contract, it is not clear that plaintiff Medlin Construction—a licensed general contractor—similarly is barred from recovering.

As stated *supra*, the purpose of the licensing requirement is to protect the public from incompetent contractors. Although plaintiff

Medlin was not a licensed contractor, he was the qualifying individual for plaintiff Medlin Construction, which was formed on 28 September 1990. Plaintiff Medlin Construction was issued an Intermediate Residential license on 16 January 1991, and its license was changed to an Intermediate Building license in 1993, after plaintiff Medlin passed the exam for a building contractor's license. Plaintiff Medlin was a licensed contractor from 21 May 1986 until 31 December 1992. Plaintiff Medlin Construction, not plaintiff Medlin, seeks to recover the value of its services in building defendants' home. The North Carolina general contractor licensing requirements bar recovery by an unlicensed general contractor. Plaintiff Medlin Construction is not an unlicensed general contractor. Therefore its claim is not barred by the licensing requirements.

In *Allen v. Roberts Construction Co.*, 138 N.C. App. 557, 532 S.E.2d 534, *disc. rev. denied*, 353 N.C. 261, 546 S.E.2d 90 (2000), the sole issue with respect to one claim was whether a licensed individual and employee of the unlicensed company who entered into an express construction contract functioned as the general contractor exposing the individual to a claim for negligence. This Court recognized that a reasonable person could find the individual was the general contractor of the plaintiffs' house. *Id.* at 570, 532 S.E.2d at 542. Similarly, a reasonable person could find that plaintiff Medlin Construction was the general contractor of defendants' house.

As this Court stated in *Zickgraf Enterprises, Inc. v. Yonce*, 63 N.C. App. 166, 303 S.E.2d 852 (1983),

[t]he failure of a general contractor to be licensed does not render "void" the contract between the contractor and the owner. The nature of the transaction is still extant, with the *proviso* that in an action brought against the owner by the general contractor, the owner may assert against the general contractor the affirmative defense of failure to be properly licensed. This fulfills the purpose of the licensing statute which is the protection of the public against incompetent builders. The licensing statutes should not be used as a shield to avoid a just obligation owed to an innocent party. Our courts will not impose penalties for the failure to comply with licensing requirements in addition to those specifically set out in the statute.

*Id.* at 168, 303 S.E.2d at 853 (internal citations omitted). At all times relevant to this case, plaintiff Medlin Construction was a licensed contractor. Defendants may not use the licensing statutes as a shield

to avoid any obligations owing to plaintiff Medlin Construction for the building of their home.

Defendants' motion for summary judgment was based solely upon the alleged bar to recovery pursuant to the licensing requirements, and the only specific evidence presented in support of their motion was related to the licensure status of plaintiffs. As we hold the licensing statutes do not bar plaintiff Medlin Construction from recovering on its claims, summary judgment on that issue was improper. Because plaintiffs'' underlying claims for relief were not addressed below, we decline to determine whether any issues of material fact exist as to those claims.

Reversed.

Judge CALABRIA concurs.

Judge GEER concurs in the result only.