RON MEDLIN CONSTRUCTION, a Partnership, and GEORGE RONALD MEDLIN, Individually, Plaintiffs v. RAYMOND A. HARRIS and SARAH N. HARRIS, Defendants

AND

RON MEDLIN CONSTRUCTION, a Partnership, and GEORGE RONALD MEDLIN, Individually, Plaintiffs and Third Party Plaintiffs v. INTRACOASTAL SERVICE, INC.; JOHN BIRD, d/b/a BIRD ROOFING; LINDSAY WADE MILLSAPS, d/b/a ENGINEERED PLUMBING; ED NEWSOME'S HARDWOOD FLOORING, INC.; and THE PAINT DOCTOR, Third-Party Defendants

No. COA06-1665-2

(Filed 1 September 2009)

**Quantum Meruit— unlicensed individual and licensed company—contract only with individual—focus on subject matter rather than parties**

In an opinion that supersedes a prior opinion in the same case, *Ron Medlin Constr. v. Harris*, 189 N.C. App. 363, the trial court's grant of summary judgment to defendants in a *quantum meruit* case involving an unlicensed contractor was affirmed. The contract was with Ron Medlin, while the license was held by Ron Medlin Construction. Although plaintiffs argued that Ron Medlin Construction could bring a *quantum meruit* claim against defendants because it was not a party to the contract, the focus in *quantum meruit* is on whether there is an express contract on the subject matter at issue and not on whether there was a contract between the parties.

Judge JACKSON dissents in a separate opinion.

Appeal by plaintiffs from order entered 5 September 2006 by Judge B. Craig Ellis in Brunswick County Superior Court. Heard in the Court of Appeals 22 August 2007. Opinion filed 18 March 2008. Petition for rehearing granted 19 May 2008. The following opinion supersedes and replaces the opinion filed 18 March 2008.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Robin K. Vinson, for plaintiffs-appellants.*

*Shipman & Wright, L.L.P., by Gary K. Shipman and Matthew W. Buckmiller, for defendants-appellees.*

GEER, Judge.

This appeal arises out of a contract entered into between plaintiff George Ronald Medlin ("Medlin") and defendants Raymond and Sarah Harris to build a house. Plaintiffs Medlin and Ron Medlin Construction, a general partnership, appeal from the trial court's grant of summary judgment in favor of defendants on plaintiffs' claim for breach of contract and, alternatively, for relief based on *quantum meruit*. On appeal, plaintiffs do not dispute that summary judgment was proper as to Medlin because he was not a licensed general contractor on the date he entered into the contract. Plaintiffs argue, however, that because Ron Medlin Construction was not a party to the express contract entered into by Medlin and defendants, it is entitled to bring an action in *quantum meruit* against defendants. Because this Court has already rejected such a claim in *Jenco v. Signature Homes, Inc.*, 122 N.C. App. 95, 468 S.E.2d 533 (1996), we affirm.

## Facts

In September 2002, defendants entered into a written construction contract with Medlin for a single-family residence to be built at 1770 Twisted Oak Lane SW in Brunswick County. At the time the contract was signed, Medlin was not a licensed general contractor in North Carolina. Ron Medlin Construction is a North Carolina general partnership consisting of Medlin and his wife as general partners. Ron Medlin Construction had its general contractor's license at the time defendants and Medlin signed the contract.

Ron Medlin Construction (1) maintained a checking account for materials and labor during construction in the names of defendants and "Ronald Medlin"; (2) purchased materials and labor for the project; (3) obtained building permits, inspections, and certificates of occupancy; and (4) constructed the house at 1770 Twisted Oak Lane SW in Brunswick County. Defendants paid in excess of $725,000.00 towards the cost of construction, and the house was appraised at $1,300,000.00 after completion.

Following completion of the construction, a dispute arose between plaintiffs and defendants as to additional moneys allegedly

owed on the project. Defendants questioned the validity of the construction contract and refused to make further payments under it. Plaintiffs subsequently brought claims for (1) a declaratory judgment of the rights of each plaintiff, (2) *quantum meruit*/unjust enrichment, (3) negligent misrepresentation, and (4) a constructive trust. Defendants counterclaimed for (1) negligence and (2) unfair and deceptive trade practices. Following discovery, the trial court granted summary judgment to defendants on 1 September 2006. Plaintiffs timely appealed to this Court.

On 18 March 2008, this Court, in *Ron Medlin Constr. v. Harris*, 189 N.C. App. 363, 369, 658 S.E.2d 6, 11 (2008), reversed the trial court's grant of summary judgment to defendants, holding that Ron Medlin Construction could maintain an action in *quantum meruit* against defendants. On 22 April 2008, defendants filed a petition for rehearing, and on 19 May 2008, that petition was granted. This opinion supersedes the original opinion.

## Discussion

The sole question raised by this appeal is whether Ron Medlin Construction can bring an action in *quantum meruit* against defendants. We review a trial court's ruling on a motion for summary judgment de novo. *Va. Elec. & Power Co. v. Tillett*, 80 N.C. App. 383, 384-85, 343 S.E.2d 188, 190-91, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986). This Court must determine, based upon the evidence presented to the trial court, whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980), *cert. denied*, 276 S.E.2d 283 (1981).

The parties agree that the contract between Medlin and defendants is unenforceable because Medlin was not a licensed general contractor. *See Brady v. Fulghum*, 309 N.C. 580, 586, 308 S.E.2d 327, 331 (1983) ("[W]e adopt the rule that a contract illegally entered into by an unlicensed general construction contractor is unenforceable by the contractor. It cannot be validated by the contractor's subsequent procurement of a license."), *superseded by statute on other grounds as stated in Hall v. Simmons*, 329 N.C. 779, 407 S.E.2d 816 (1991). Further, it is undisputed that Medlin may not, under controlling case law, recover under a theory of *quantum meruit. See Joe Newton, Inc. v. Tull*, 75 N.C. App. 325, 329, 330 S.E.2d 664, 667 (1985) ("Plaintiff also argues that if it is not entitled to payment pursuant to the contract, it should be permitted to recover on the theory of *quantum*

*meruit.* The same rule which prevents an unlicensed contractor from recovering for breach of the construction contract also denies recovery on the theory of *quantum meruit.*").

Ron Medlin Construction contends, however, that since the express contract was between Medlin and defendants, Ron Medlin Construction—which was not a party to the express contract—may still recover based on *quantum meruit.* This conclusion cannot be reconciled with *Jenco* or the controlling principles governing *quantum meruit* recoveries.

In *Jenco*, 122 N.C. App. at 96-97, 468 S.E.2d at 533-34, the plaintiffs entered into a contract with Signature Homes, Inc. to purchase a residential subdivision lot on which Signature Homes, Inc. would build the plaintiffs a house. At that time, Signature Homes, Inc. was not a licensed general contractor. An addendum to the contract designated Craig Wieser, doing business as Signature Homes, Inc., as the seller. Wieser had a general contractor's license. *Id.* at 97, 468 S.E.2d at 534. After construction started on the plaintiffs' home, Wieser transferred all existing projects that he had been supervising to a new corporation called Signature Homes Corporation. Signature Homes Corporation had an unlimited general contractors' license. *Id.* The parties did not contend that Signature Homes Corporation was a party to the plaintiffs' contract.

Ultimately, "Craig Wieser d/b/a Signature Homes, Inc." and Signature Homes Corporation filed a claim of lien against the plaintiffs' property. In response to plaintiffs' suit against Signature Homes, Inc., Craig Wieser, and Signature Homes Corporation to cancel the lien, the defendants contended that (1) Wieser, as a party to the contract, was entitled to recover for breach of contract or, alternatively, (2) Wieser and Signature Homes Corporation were entitled to recover under a theory of *quantum meruit. Id.* at 98, 468 S.E.2d at 534.

This Court held that the contract between Signature Homes, Inc. and the plaintiffs was unenforceable because Signature Homes, Inc. did not have its general contractor license at the time the contract was signed. *Id.* at 99-100, 468 S.E.2d at 535. The Court concluded that the subsequent appointment of Wieser as the seller "did not cure the illegal contract which existed at the time that the contract was signed." *Id.* at 100, 468 S.E.2d at 535. The Court then addressed defendants' *quantum meruit* theory and held: "This argument is also without merit because recovery under quantum meruit is not applicable where there is an express contract." *Id.*, 468 S.E.2d at 536.

*Jenco* involved three defendants: (1) the unlicensed original seller, Signature Homes, Inc.; (2) the licensed individual, Wieser, who was subsequently designated as the seller and arguably a party to the contract; and (3) the licensed corporation, Signature Homes Corporation, who built the house, but was not a party to the contract. Wieser and Signature Homes Corporation both claimed that they were entitled to recover based on *quantum meruit,* and this Court concluded that the defendants—including Signature Homes Corporation, who was not a party to the contract—were barred because of the existence of the express contract. *Id.*

We have been unable to identify any meaningful distinction between the position of Signature Homes Corporation in *Jenco* and the position of Ron Medlin Construction in this case. Neither was ever a party to the express contract to build the home. Both, however, at the request of the original seller/contractor built the home that was the subject of the contract. *Jenco,* therefore, is controlling.

This view of *Jenco* is consistent with controlling law regarding *quantum meruit* recoveries. Plaintiffs mistakenly argue that only an express contract between the parties precludes a claim for *quantum meruit.* In fact, this Court has held: "It is a well established principle that an express contract precludes an implied contract *with reference to the same matter.* It is stated in 12 Am. Jur., Contracts, Section 7, page 505: 'There cannot be an express and an implied contract *for the same thing* existing at the same time.' " *Vetco Concrete Co. v. Troy Lumber Co.,* 256 N.C. 709, 713, 124 S.E.2d 905, 908 (1962) (emphasis added) (internal citations omitted). Thus, the focus, in the *quantum meruit* context, is on whether there is an express contract *on the subject matter at issue* and not on whether there was a contract between the parties.

In *Vetco,* the plaintiff had entered into a contract with a third party to provide materials for the building of houses on lots, some owned by the third party and some owned by the defendant. The defendant would not pay for the materials used to build the homes on the lots it owned. Our Supreme Court held that since the plaintiff had "proved an express contract with [the third party] for the purchase of the materials used in the construction of houses in Cedar Forest Estates, it was error for the court to submit the case to the jury on the theory of an implied contract on the part of the defendant to pay for materials sold and delivered to another under an express contract." *Id.* at 715, 124 S.E.2d at 909.

Here, as in *Vetco*, Ron Medlin Construction proved an express contract between defendants and Medlin for the building of the house. Under *Vetco*, Ron Medlin Construction, even though it was not a party to the contract, could not sue on the theory of an implied contract for the building of the house—the subject of the express contract.

Application of this principle is consistent with the rationale expressed by our Supreme Court in *Brady* as justification for the rule prohibiting unlicensed contractors from recovering on contracts they entered into illegally. The Court explained:

> [W]hen a legislature invokes its police power to provide statutory protection to the public from fraud, incompetence, and irresponsibility, as ours has done with the contractor licensing statutes, courts impose greater penalties on violators. 6A A. Corbin, Corbin on Contracts § 1512 (1962). Making contracts unenforceable by the violating contractor produces "a salutary effect in causing obedience to the licensing statute." *Id.* These public policy considerations militate against permitting unlicensed general construction contractors to enforce their contracts. Denying the contractor the right to enforce his contract effectuates the statutory purpose and legislative intent of providing the public with optimum protection.

309 N.C. at 584-85, 308 S.E.2d at 331. This "statutory purpose and legislative intent of providing the public with optimum protection," *id.* at 585, 308 S.E.2d at 331, would not be promoted if an individual who violated the contractor licensing statutes could then, in effect, enforce his contract by the means of having another entity perform the contract and sue based on *quantum meruit*.

Medlin was not licensed and was prohibited by law from entering into a contract with defendants. He, therefore, cannot recover under the contract or in *quantum meruit*. We can perceive no rational basis for allowing Medlin to avoid the consequences of his violation by transferring, without defendants' agreement, responsibility for the building of the home to Ron Medlin Construction, which then has sued to obtain in *quantum meruit* the recovery that Medlin cannot by law obtain. If this result seems harsh, our Supreme Court in *Brady* has already observed: "If, by virtue of these rules, harsh results fall upon unlicensed contractors who violate our statutes, the contractors themselves bear both the responsibility and the blame." *Id.* at 586, 308 S.E.2d at 332.

In sum, we are bound by *Jenco* and *Vetco* and hold, consistent with those opinions, that Ron Medlin Construction is not entitled to recover under a theory of *quantum meruit.* The trial court's grant of summary judgment to defendants is, therefore, affirmed.

Affirmed.

Judge CALABRIA concurs.

Judge JACKSON dissents in a separate opinion.

JACKSON, Judge, dissenting.

Because I perceive that the principle that there can be no implied contract where an express contract exists on the same subject matter is meant to apply between the same parties, I must respectfully dissent.

The majority primarily relies upon two cases to conclude that Ron Medlin Construction cannot recover in *quantum meruit* against defendants because there was an express contract between defendants and George Ronald Medlin: [*Vetco*] *Concrete Co. v.* [*Troy*] *Lumber Co.*, 256 N.C. 709, 124 S.E.2d 905 (1962) ("*Vetco*") and *Jenco v. Signature Homes, Inc.*, 122 N.C. App. 95, 468 S.E.2d 533 (1996).

The majority is correct that in *Vetco*, our Supreme Court stated that "'[t]here cannot be an express and an implied contract for the same thing existing at the same time.' " *Vetco*, 256 N.C. at 713, 124 S.E.2d at 908 (quoting 12 Am. Jur. *Contracts* § 7 (1938)). However, the end of the paragraph from which the quotation is taken contains this additional language: "It is further stated in a footnote [in American Jurisprudence] that, 'Perhaps it is more precise to state that where *the parties* have made a contract for *themselves*, covering the whole subject matter, no promise is implied by law.' " *Id.* at 714, 124 S.E.2d at 908 (emphasis added). This additional language makes clear that *Vetco* was referring to the fact that the same parties cannot have both an express and an implied contract for the same thing.

It was after this discussion of the general principle in *Vetco* that the Supreme Court continued discussing the rule as applied to a third party:

The same rule has been applied to benefits conferred under a special contract with a third person. When there is a contract be-

tween two persons for the furnishing of services or goods to a third, the latter is not liable on an implied contract simply because he has received such services or goods.

*Id.* (quoting 12 Am. Jur. *Contracts* § 7, n.20 annots. (1938)). In *Vetco*, there was an express contract between the plaintiff and another party to provide materials to construction sites, some of which were owned by the other party, some of which were owned by the defendant—who was not a party to the express contract.

Unlike in *Vetco*, we do not have a third-party beneficiary situation in the case *sub judice*. Defendants, as buyers, did not contract with George Ronald Medlin, as seller, to provide goods or services to Ron Medlin Construction, a third party. Defendants were not third parties benefitting from an express contract between George Ronald Medlin and Ron Medlin Construction. Here, defendants contracted with George Ronald Medlin to provide services to them. Ultimately, Ron Medlin Construction provided those services to defendants.

Further, if we return to the source upon which *Vetco* relied for these principles, we learn that an implied contract is not always precluded by the existence of an express contract. "The mere fact that the parties have attempted to make an express contract but have not succeeded in making it enforceable with respect to some of its terms does not prevent the implication of a promise to pay for benefits conferred thereunder." 12 Am. Jur. *Contracts* § 7 (1938).

In *Jenco*, the Court concluded: "Defendants argue in the alternative that they are entitled to recover payment under the theory of *quantum meruit*. This argument is also without merit because recovery under *quantum meruit* is not applicable where there is an express contract." *Jenco*, 122 N.C. App. at 100, 468 S.E.2d at 536 (citing *Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E.2d 507 (1968); *Brady v. Fulghum*, 309 N.C. 580, 308 S.E.2d 327 (1983)) (italics added). Two of the three defendants in *Jenco* were signatories to the express contract. *See id.* at 99-100, 468 S.E.2d at 534. According to the opinion, Signature Homes Corporation—who did not sign the express contract—did not seek to recover based upon a breach of contract; however, it—as well as Craig R. Wieser—did seek to recover *in the alternative* based upon *quantum meruit. Id.* at 100, 468 S.E.2d at 536.

It is not clear that the Court considered that, as a practical matter, Signature Homes Corporation could not argue *quantum meruit* in the alternative if it had not argued breach of contract in the first

instance. Had it done so, it is not clear that the Court would have reached the same conclusion as to Signature Homes Corporation. Further, as stated in the original majority opinion in this case, the *Jenco* opinion did not address whether Craig R. Wieser—who had a valid contractor's license—could have recovered had he not signed the original express contract. *Ron Medlin Constr. v. Harris*, 189 N.C. App. 363, 367, 658 S.E.2d 6, 10 (2008) (*"Medlin I"*). The Court also did not address whether Signature Homes Corporation could validly have entered into a new express contract with the Jencos.

I do not question the inability of George Ronald Medlin to recover against the express contract. He was not a licensed contractor at the time he entered into the contract. However, George Ronald Medlin is not seeking to recover on the contract. He is seeking only to have the rights of the various parties declared. The party seeking to recover for the value of the house it constructed for defendants is Ron Medlin Construction—a separate and distinct legal entity from George Ronald Medlin—which is duly licensed as a general contractor.

As stated in *Medlin I*, in this case, plaintiffs George Ronald Medlin and Ron Medlin Construction alleged that Ron Medlin Construction, and not George Ronald Medlin, "built a residence on defendants' property reasonably believing it had the right to do so, based upon defendants' express contract." *Medlin I*, 189 N.C. App. at 367, 658 S.E.2d at 10. Defendants "denied the existence of an express contractual relationship between themselves and [Ron] Medlin Construction[.]" *Id.* Therefore, Ron Medlin Construction proceeded upon a theory of *quantum meruit. Id.*

> [T]he purpose of the licensing requirement is to protect the public from incompetent contractors. Although [George Ronald] Medlin was not a licensed contractor, he was the qualifying individual for [Ron] Medlin Construction, which was formed on 28 September 1990. [Ron] Medlin Construction was issued an Intermediate Residential license on 16 January 1991, and its license was changed to an Intermediate Building license in 1993, after [George Ronald] Medlin passed the exam for a building contractor's license. [George Ronald] Medlin was a licensed contractor from 21 May 1986 until 31 December 1992. [Ron] Medlin Construction, not [George Ronald] Medlin, seeks to recover the value of its services in building defendants' home. The North Carolina general contractor licensing requirements bar recovery by an unlicensed general contractor. [Ron] Medlin Construction is not an unlicensed general contractor.

*Id.* at 367-68, 658 S.E.2d at 10. Accordingly, I do not believe Ron Medlin Construction's claim is barred by the licensing requirements of the State Licensing Board for General Contractors.

Because I do not believe that defendants' express contract with George Ronald Medlin precludes Ron Medlin Construction from recovering in *quantum meruit* on an implied contract, I would reverse. As expressed in the original majority opinion in this appeal: "At all times relevant to this case, plaintiff Medlin Construction was a licensed contractor. Defendants may not use the licensing statutes as a shield to avoid any obligations owing to plaintiff Medlin Construction for the building of their home." *Medlin I*, 189 N.C. App. at 368-69, 658 S.E.2d at 11.